## 48095. APPLEGARTH SUPPLY COMPANY, INC. v. SCHAFFER et al.

QUILLIAN, Judge. Applegarth Supply Co., Inc. filed its complaint in the Civil Court of Fulton County in three counts, naming as defendants Gridiron Investments, Inc. (hereinafter referred to as Gridiron), Schaffer Realty Company, Inc. (hereinafter referred to as the Realty Co.), Sam Schaffer (hereinafter referred to as Schaffer), and A. J. Block, Jr. (hereinafter referred to as Block), individually and d/b/a English Oaks, Phase II. By amendment, Block and Schaffer, a partnership, of which Sam Schaffer and A. J. Block, Jr. are the general partners (hereinafter referred to as the Partnership) was added as a defendant as to each count. In count one of its complaint, plaintiff alleged that it entered a contract with the defendants for the improvement of certain

described property and that the defendants breached the contract. Plaintiff sought in count one judgment against the defendants jointly and severally.

In count two, plaintiff reasserted the allegations of count one, adding thereto its contentions that it supplied to the defendants materials in addition to those contemplated in the original contract, which materials were used by and benefited the defendants, that defendants had not paid for the materials and that the defendants were thereby unjustly enriched. Plaintiff sought judgment against the defendants, jointly and severally, upon the theory of quantum valebant.

In count three, plaintiff alleged that it had supplied materials and equipment to the defendants, that the defendants at all times understood that plaintiff expected payment therefor and that an implied contract arose which was breached by the defendants in their refusal to pay plaintiff for such materials and equipment. Plaintiff sought judgment against the defendants jointly and severally for the breach of the implied contract.

Plaintiff, by amendment filed on October 26, 1972, added count four to its complaint alleging that defendants, acting through the individual defendants, Schaffer and Block, wilfully and maliciously made false representations unto plaintiff as to the financing arrangements for the apartment complex which defendants were developing and for which plaintiff was to furnish materials and equipment, and as to the method and means of payment to plaintiff for the materials and equipment which defendants sought plaintiff to supply. It was further alleged that defendants knew these representations to be false and that plaintiff would rely thereon; that plaintiff did rely thereon and was damaged thereby.

Defendants Schaffer, Block, the Realty Company, and Gridiron filed their answers denying that they were indebted to plaintiff by reason of any allegation of count one, count two, or count three as originally filed. The Partnership filed its answer to the complaint, as amended, on December 21, 1972 (subsequent to the hearing on motions for summary judgment by Schaffer, Block and the Realty Company and the initial ruling thereon of October 26, 1972) denying liability to plaintiff on count one, count two, count three, or count four.

Defendants Schaffer, Block and the Realty Company filed their respective motions for summary judgment on April 20, 1972, prior to the October 26, 1972 amendment to plaintiff's complaint

by which count four thereof was added. The motions were supported by affidavits, depositions and interrogatories on file.

On October 25, 1972, plaintiff filed with the trial court and served upon defendants its affidavit and supporting matters in opposition to the motions for summary judgment. Plaintiff relied upon answers to interrogatories and depositions on file, in addition to the affidavit of William F. Applegarth, president of plaintiff, in opposing the motions.

The motions for summary judgment came on for hearing on October 26, 1972, at the conclusion of which the trial judge ruled orally upon the motions, granting the motions as to some defendants and as to some counts of the complaint and denying said motions as to other defendants and as to other counts. More than two months later, the trial court issued an order dated and filed January 2, 1973, granting the motions for summary judgment of Schaffer, Block and the Realty Company, and the Partnership as to not only counts one, two and three of the complaint, as amended, but also as to count four thereof. Appeal was taken from that judgment. *Held:*

1. The second and third counts of the petition seek recovery under the theory of an implied contract. The president of the plaintiff by affidavit testified: "Applegarth Supply Co., Inc. supplied to the English Oaks Apartment project at the instance of and for the use of Block and Schaffer extra materials and equipment not contemplated by the original agreement or any amendments or changes thereto in the amount of $4,894.13."

The defendants argue that the contract was to furnish all materials and equipment necessary for air conditioning. Hence, it is urged there could be no implied contract for any extra materials. The contract in question provided that the plaintiff would furnish the material for complete air conditioning and heating of the apartments. Although this language is broad it is not so all encompassing as to include items outside the scope therein set forth. Hence, it would not include equipment and material not contemplated by such contract as stated in the affidavit of the plaintiff's president. On motion for summary judgment it was therefore improper to dismiss the second and third counts which were based on an implied contract.

2. From the proof offered it clearly appears the contract in the case sub judice was between Gridiron and the plaintiff. Hence, any recovery on the plaintiff's part must be against Gridiron and not the other defendants.

The defendants having pierced the plaintiff's pleadings as to count one, the only question is whether the affidavit of the plaintiff's president raised any issue of fact in this regard. The trial judge in construing the affidavit applied the rule that "the testimony of a party who offers himself as a witness in his own behalf is to be construed most strongly against him when it is self-contradictory, vague or equivocal," citing inter alia *W. & A. R. Co. v. Evans,* 96 Ga. 481 (23 SE 494), and *Farmer v. Davenport,* 118 Ga. 289 (45 SE 244). Under authority of our Supreme Court, this rule has no application on motion for summary judgment. *Burnette Ford v. Hayes,* 227 Ga. 551 (181 SE2d 866).

Nevertheless, giving the affidavit of the plaintiff's president the most favorable construction, we can find no basis to contravene the plain terms of the written contract. Paragraph 18 of the affidavit at most amounts to mere conclusions. See *Benefield v. Malone,* 112 Ga. App. 408, 411 (145 SE2d 732). There is nothing in the affidavit which would constitute the defense of non est factum or which would establish that the contract had been validly modified subsequent to its execution. Hence, as to count one the trial judge properly dismissed the defendants.

3. Plaintiff argues that summary judgment as to count 4 should not have been granted since no formal written motion was filed and no oral motion made as to that count; the partnership was not a party at the time of hearing. Thus, it is contended it was error to grant the motion under such circumstances.

The trial judge's order recites: "Upon the day of the hearing on the motion for summary judgment, October 26, 1972, the plaintiff further amended his complaint by adding count No. 4 thereto, which amendment was allowed and ordered filed. Thereafter, all defendants, with the exception of Gridiron Investments, Inc., who was not a moving party in the motion for summary judgment, renewed their written motions for summary judgment as to the plaintiff's complaint as amended, all of which was allowed by this court, and by this order so granted."

As has been pointed out in 6 Moore's Federal Practice 2244, § 56.12, the majority of the Federal Courts have sanctioned the trial judge's grant of summary judgment in favor of a party who does not formally move for the same. "A court may properly grant summary judgment on a ground other than that assigned in the motion, where it is clear there is no genuine issue of material fact." 6 Moore's Federal Practice 2254, 2255, n. 14, § 56.14 [1]. The crucial point is to insure that the party against whom

summary judgment is sought has had a full and final opportunity to meet and attempt to controvert the assertions against him. Assuming that it would have been better practice here to rule only where a formal motion had been made with regard to the fourth count, still no error harmful to the plaintiff appears.

Count four is predicated on fraud. "In all averments of fraud, or mistake, the circumstance constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally." Code Ann. § 81A-109 (b) (Ga. L. 1966, pp. 609, 620). However, even giving the evidence every favorable inference and construction insofar as the plaintiff is concerned, there is a conclusive showing that there was no fraudulent misrepresentation as between the defendants and the plaintiff. It was further shown that there was no reliance by the plaintiff on any representation on the part of the defendants. In such case the trial judge correctly ruled that there was no basis on which to predicate recovery for fraudulent misrepresentation.

As to the Partnership, it was added as a party on the day of the hearing and did not file a motion for summary judgment. Thus, it could not have "renewed" a motion as recited in the trial judge's order and we can not assume that the plaintiff had a hearing and full opportunity to show whether there was a right to recover from the Partnership. The trial judge erred in granting the motion in favor of the Partnership.

*Judgment affirmed in part; reversed in part. Bell, C. J., and Deen, J., concur.*

ARGUED APRIL 3, 1973 — DECIDED OCTOBER 31, 1973 — REHEARING DENIED NOVEMBER 30, 1973.

*Barwick, Bentley & Binford, M. Cook Barwick, Thomas S. Bentley, Warren W. Wills, Jr.,* for appellant.

*Lipshutz, Macey, Zusmann & Sikes, Charles C. Pritchard, Charles E. Lamkin,* for appellees.