### 63968. MARTIN v. NEWMAN et al.

BANKE, Judge.

The plaintiff sued to collect damages for certain unspecified acts of slander allegedly committed against her by the defendants, Newman and Fisher, and also to recover for the alleged conversion of two scottish terriers. After some discovery had been completed, the defendants filed a motion for partial summary judgment "as to all claims for libel, slander, and defamation of character." The trial court granted the motion "with respect to the slander and defamation of character allegations occurring in 1975, which are barred by the statute of limitations." After further discovery had been completed, the defendants renewed their motion for partial summary judgment. Following a hearing on this motion, the trial court entered summary judgment against the plaintiff with regard to all of her claims save one, a claim that defendant Newman had slandered her by charging her with forgery.

The court's judgment recited that certain affidavits, filed by the plaintiff on the day of the hearing and served by mail on opposing counsel the previous day, had been excluded from consideration as untimely. In this appeal, the plaintiff contends that the trial court erred both in excluding these affidavits and in disposing of her conversion claims in response to a summary judgment motion which dealt only with the defamation claims. *Held:*

1. Based on a thorough review of the record, we hold that the trial court did not err in considering the conversion claims in addition to the defamation claims. "As has been pointed out in 6 Moore's Federal Practice 2244, § 56.12, the majority of the Federal Courts have sanctioned the trial judge's grant of summary judgment in favor of a party who does not formally move for the same. 'A court may properly grant summary judgment on a ground other than that assigned in the motion, where it is clear there is no genuine issue of material fact.' 6 Moore's Federal Practice 2254, 2255, n. 14 § 56.14 [1].

The crucial point is to insure that the party against whom summary judgment is sought has had a full and final opportunity to meet and attempt to controvert the assertions against him." *Applegarth Supply Co. v. Schaffer,* 130 Ga. App. 353, 356-357 (203 SE2d 277) (1973). Cf. *Cruce v. Randall,* 245 Ga. 669 (266 SE2d 486) (1980).

The complaint in this case was filed on June 1, 1978. Almost two and a half years passed before the summary judgment motion was heard, during which period the parties engaged in extensive discovery. None of this discovery reveals any evidentiary support whatsoever for the conversion claim. On July 17, 1981, the defendants propounded the following interrogatory to the plaintiff: "Please state specifically and with particularity each act of conversion of property, malicious slander and/or libel or any other act of intentional malfeasance which you contend was committed by either defendant William H. Newman or Robert Fisher and, for each such act, give the dates, place, circumstances under which you came to gain knowledge of said alleged acts, and, if you were not a witness, give the name, address, current telephone number and current employer of the person or persons who witnessed and/or informed you of each such incident." In response, the plaintiff listed several alleged incidents of slander but cited no evidence that the defendants had taken her dogs. Given the length of time the case had been pending and the amount of discovery which had taken place, we hold that the trial court was authorized to conclude from this response that no evidence existed to support the conversion claim and that no material issue of fact existed as to this claim.

2. The trial court erred in excluding the affidavits which were filed by the plaintiff on the day of the hearing on the motion for summary judgment and served by mail the previous day. "The party opposing a motion for summary judgment has until the day prior to the hearing to serve opposing affidavits, unless the trial court in its discretion permits them to be served at a later date. Code Ann. §§ 81A-106 (d) and 81A-156 (c). 'Service by mail is complete upon mailing.' Code Ann. § 81A-105 (b). Accordingly, the defendant's affidavit was timely served. Under this court's decision in *Liberty Forest Prod., Inc. v. Interstate Paper Corp.,* 138 Ga. App. 153 (225 SE2d 731) (1976), a response to a motion for summary judgment is timely filed if filed on the date of the hearing, notwithstanding the language in Code Ann. § 81A-105 (d) requiring all papers after the complaint to be filed within the time allowed for service." *Gross v. Pyrofax Gas Corp.,* 151 Ga. App. 130 (259 SE2d 137) (1979).

3. Because these affidavits provided some support for the defamation claims against Newman, the grant of summary judgment in his favor as to these claims is reversed. However, the only reference

to Fisher contained in the affidavits regarded a statement which he allegedly made in August of 1978. As previously indicated, the complaint was filed in June of 1978. It was never amended pursuant to the provisions of Code Ann. § 81A-11ʼ (d) to assert an additional cause of action based upon subsequent acts. In response to the interrogatory referred to in Division 1, supra, the plaintiff made no allegation that Fisher had made any defamatory statements within the 1-year limitation period applicable to defamation claims. See Code § 3-1004; *Davis v. Hospital Authority,* 154 Ga. App. 654, 656 (269 SE2d 867) (1980). It follows that the trial court did not err in entering summary judgment in favor of Fisher as to the defamation claims as well as the conversion claims.

4. For the foregoing reasons, the grant of summary judgment is affirmed in its entirety as it pertains to Fisher. As to Newman, the grant of summary judgment is affirmed with regard to the conversion claim but is reversed insofar as it purports to dispose finally of the defamation claims.

*Judgment affirmed in part and reversed in part. McMurray, P. J., and Birdsong, J., concur.*

DECIDED JUNE 25, 1982.

*Clayton H. Hollingsworth, Jr.,* for appellant.
*Michael T. Bennett, Paul Oliver, Henry D. Greene, Jr.,* for appellees.