## 64971. KEY v. J. C. PENNEY COMPANY, INC.

CARLEY, Judge.

Appellant-plaintiff appeals from the grant of summary judgment to appellee-defendant in this slip and fall case.

Appellant's complaint alleged generally that appellee had negligently maintained the entryway to its store "in such a fashion as to allow a slick and dangerous condition to be present." In answers to interrogatories, appellant subsequently asserted specifically that the floor was "highly waxed and/or polished." Appellant, also by way of his answers to interrogatories, contended that there was no mat on the floor and, because it had been raining, his shoes were wet when he fell.

In support of its motion for summary judgment, appellee introduced affidavits establishing that the material used in waxing and polishing the floor of the entryway was of high quality, meeting or exceeding recognized "slip-[resistant] or slip-retardant" standards. Appellee also introduced an affidavit establishing that the floor had been treated with the material according to instructions and in a non-negligent manner. This evidence for appellee was not countered by appellant. In addition, appellee's evidence also controverted appellant's assertion that there was not a mat at the entryway and, if believed, would show that the mat was in fact in place "prior to the opening of the store."

We turn first to the question of whether genuine issues of material fact remain with regard to appellee's negligence in maintaining a "highly waxed and/or polished floor." Our Supreme Court has held that " 'proof of nothing more than the occurrence of the fall is insufficient to establish the proprietor's negligence.' [Cit.] ... [T]he plaintiff must, at a minimum, show that the defendant was negligent either in the materials he used in treating the floor or in the application of them." *Alterman Foods v. Ligon,* 246 Ga. 620, 624 (272 SE2d 327) (1980). In the instant case, appellee introduced evidence demonstrating that it was not negligent in the materials used in treating the floor or in the application thereof. Thus, appellee "presented evidence of no defective condition in the floor. [Appellant, on the other hand,] did not introduce any evidence of the quality of material used or the methods which [appellee] used in waxing and maintaining its floor." *Alterman Foods,* 246 Ga. at 624, supra.

On this evidence, all that appears is that appellant fell while traversing appellee's floor, a floor which had been waxed or polished but in a non-negligent manner. "To presume that because a customer falls in a store that the proprietor has somehow been negligent would

make the proprietor an insurer of his customer's safety which he is not in this state. [Cit.]" *Alterman Foods,* 246 Ga. at 624, supra. Appellee's "evidence was sufficient to pierce the pleadings of [appellant] and to shift the burden to [him] to produce issuable evidence or suffer judgment. [Cit.] 'The evidence [here] is not ambiguous, doubtful, or susceptible of more than one interpretation. There is no evidence that [appellee] or its agents were guilty of any negligence. Indeed the record affirmatively shows the absence of any negligence by [appellee] or its agents. The evidence simply shows that [appellant] fell while shopping in [appellee's] store. This is insufficient.' [Cit.] Falling and injuring one's self proves nothing. Such happenings are commonplace wherever humans go. It cannot be inferred from a silent record that [appellee] negligently maintained its floor. [Appellant's] statements, taken in the light most favorable to [him], are merely conclusions and are probative of nothing." *Alterman Foods,* 246 Ga. at 625, supra. The trial court did not err in granting appellee summary judgment on the issue of its negligent maintenance of the entryway floor. Compare *S. S. Kresge Co. v. Blount,* 162 Ga. App. 404 (291 SE2d 728) (1982).

We turn next to the question of whether genuine issues of material fact remain with regard to appellee's negligence in failing to provide mats for customers entering with rain-wet shoes. " 'Everybody knows that, when people are entering any building when it is raining, they will carry some moisture on their feet, which will render the floor near the door on the inside damp to some extent, and everyone knows that a damp floor is likely to be a little more slippery than a dry floor.' [Cit.]" *Gibson v. Consolidated Credit Corp.,* 110 Ga. App. 170, 173 (138 SE2d 77) (1964). " '[T]he mere failure to remove water collecting near the entranceway of a large store because of the constant passing in and out of pedestrians during a period of rain, and the failure to place mats in the aisle at such a place would not be evidence of a lack of reasonable care for the safety of the store's invitees . . .' . . .'It is a matter of common knowledge that some water would normally be present at a place where shoppers continually pass in and out during rainy weather. While [appellee] is alleged to have been negligent in not providing mats over this area, [the evidence establishes that appellant] could plainly see that no mats were present. [Cit.] . . . [He] was aware of the weather conditions. Under these circumstances it appears that [he himself] was not in the exercise of due care.' " *Gibson,* 110 Ga. App. at 175, supra. Accordingly, it was not error to grant appellee summary judgment on the issue of its negligence in failing to provide mats at the entryway to its store.

*Judgment affirmed. Shulman, C. J., and Quillian, P. J., concur.*

DECIDED JANUARY 24, 1983.

*John E. James, Kathryn Weigand,* for appellant.
*Robert A. B. Reichert,* for appellee.