67104. THOMAS v. FABRIC OUTLETS, INC. et al.

BIRDSONG, Judge.

Step and Fall. Joyce Ann Thomas, as a customer-invitee went to the fabric store operated by Fabric Outlets, Inc., and leased to Fabric Outlets by Western Mortgage Investors, the shopping mall owner. Ms. Thomas was a frequent customer of the fabric chain and on two

occasions had been in the particular store where the incident here involved occurred. It appears from the record that there was a sidewalk running the length of the mall with the various shops and stores exiting onto the sidewalk. A slightly elevated ramp extended 12-1/2 inches from the entrance door of Fabric Outlets to the sidewalk surface, apparently to allow wheeled carts to be pushed into the store over the doorstep. The height of this ramp to the sidewalk varied from 6-1/2 inches on one end to 4-1/2 inches on the other end, or a slope of two inches from one end to the other. It was shown that the angle of slope exceeded that authorized by the standard building code.

After buying the material on the day before the injury and returning to her home, Ms. Thomas determined that the fabric purchased was not what she had intended to buy. She called the store and was invited to bring the material back for a refund. On the day of the fall, she returned to the store, entered therein, and returned the material. She then exited the store. As she opened the door, she attempted to step from the door to the sidewalk, or a distance of more than 12-1/2 inches. She was fully aware of the ramp and intended to overstep it. Apparently she was wearing approximately 2-1/2 inch heels on her shoes. One of those heels caught on the ramp causing her to lose her balance. She fell to the sidewalk causing her to fracture one of the metatarsal bones in her foot.

Based upon the pleadings and a showing of the above facts in a deposition by Ms. Thomas and other affidavits, both appellees moved for summary judgment. The trial court concluded that Ms. Thomas assumed the risk and granted summary judgment to both appellees. It is the grant of these summary judgments that forms the basis of Ms. Thomas' appeal. *Held:*

"Construing the evidence in the instant case in the light most favorable to appellant as respondent, summary judgment in favor of appellee was demanded. The testimony of . . . appellant . . . shows only that appellant slipped and fell. Appellant's mere assertion that the area from which she exited was on a slight but not unusual incline is not sufficient to create an issue of fact as to negligent construction. See *Family Dollar Stores, Inc. v. Brown,* 123 Ga. App. 359 (181 SE2d 100) (1971); *Lamberson v. Norris,* 135 Ga. App. 647 (218 SE2d 658) (1975). Moreover, even assuming that such incline was a defect, appellant testified that she was aware of the incline from her previous visits. . . ." *Tolliver v. Hollingsworth,* 161 Ga. App. 118, 119 (289 SE2d 272) (1982).

"[L]iability for injuries resulting from an invitee's slip and fall on a proprietor's premises is determined by the relative 'knowledge' possessed by the proprietor and the invitee of the condition or hazard

which resulted in the injury. The basis of the proprietor's liability is his superior knowledge, and if his invitee knows of the condition or hazard there is no . . . liability for resulting injury because the invitee has as much knowledge as the proprietor does and then by voluntarily acting in view of his knowledge, assumes the risks and dangers incident to the known condition. *Rogers v. Atlanta Enterprises, Inc.,* 89 Ga. App. 903, 906 (81 SE2d 721) (1954)." *Telligman v. Monumental Properties,* 161 Ga. App. 13, 14 (2) (288 SE2d 846).

Not only do we conclude (by her deposition testimony) that Ms. Thomas demonstrated her equal knowledge of any defect in the slope of the ramp, she also demonstrated in that testimony that she had navigated the ramp on several occasions without mishap. The fall resulted when she attempted to avoid the use of the ramp by overstepping; apparently, had her high heel not caught on the surface of the ramp in the overstep, she possibly once again would have successfully navigated the exit without harm. However, we need not speculate as to the results of a successful step. The evidence conclusively establishes that the only proven negligence leading to the fall was her own and any inherent danger involved in the slope of the ramp was fully within her knowledge and taken into consideration when she took the step that resulted in her fall and injury. See *McIntyre v. Corporate Property Investors,* 160 Ga. App. 868, 869 (288 SE2d 584). We find no error in the grant of summary judgment in this case.

*Judgment affirmed. Shulman, C. J., and McMurray, P. J., concur.*

DECIDED DECEMBER 1, 1983.

*Charles E. Muskett,* for appellant.
*Robert L. Todd, Frederick N. Gleaton, Robert B. Edwards, Walter B. McClelland,* for appellees.