68498. DURRANCE v. BACON COUNTY HOSPITAL AUTHORITY.
(321 SE2d 767)

CARLEY, Judge.

Appellant-plaintiff was injured when she slipped and fell on a sidewalk maintained by appellee-defendant. Appellant initiated a civil action against appellee and, in her complaint, alleged appellee's negligence in failing to maintain its common areas properly and in failing to provide proper warnings. By its answer, appellee denied any liability to appellant. The trial court granted appellee's motion for summary judgment, and appellant appeals.

The facts are undisputed: Appellant had been visiting a relative at the Bacon County hospital. At 10:30 a.m., appellant and her sister-in-law had "just walked outside," when she fell on an uneven portion of the sidewalk located near the front door of the hospital. Appellant stated in her deposition that she had been to the hospital on numerous occasions and that she was aware of the uneven sidewalk. According to appellant, although "anybody could see it," she had not seen it that day and was not thinking about it at the time she fell. There was also evidence that appellee had knowledge of the uneven and defective condition of the sidewalk located on the premises of its hospital, and had knowledge that several other people had fallen previously on the uneven sidewalk.

"Certain basic principles are clear. The owner of premises has the duty to keep them in a safe condition for invitees. [Cit.] However, an

owner is not an insurer of an invitee's safety. [Cit.] Moreover, we discern a distinction between emergency conditions existent on an owner's premises and static conditions which are not inherently dangerous in and of themselves . . . . We characterize a 'static' defect as one which in and of itself is not dangerous. Certainly where there is common knowledge of a break in pavement, the defect standing alone is not dangerous or likely to cause injury until such time as one drives into it or falls into it. ' "The rules governing the land proprietor's duty to his invitee presuppose that the possessor knows of the condition and 'has no reason to believe that they (his invitees) will discover the condition or realize the risk involved therein.' [Cit.] The basis of the proprietor's liability is his superior knowledge, and if his invitee knows of the condition or hazard there is no duty on the part of the proprietor to warn him and there is no liability for resulting injury because the invitee has as much knowledge as the proprietor does and then by voluntarily acting in view of his knowledge, assumes the risks and dangers incident to the known condition." ' [Cit.] Thus we can characterize the rule in relation to a 'static condition' as being that the basis of liability of an owner to an invitee who is injured is the superior knowledge of the owner of the existence of a condition that could subject the invitee to an unreasonable risk of injury. [Cit.]" *Inglett v. Winn Dixie, Greenville*, 168 Ga. App. 192, 193-194 (308 SE2d 587) (1983).

In this case it is clear that appellant's knowledge of the uneven sidewalk was equal to appellee's. Appellant's knowledge being equal to that of appellee, she has no right to recover. " 'An invitee who is as fully aware of the dangers and defects of the premises of the proprietor as is the proprietor himself, in coming on such premises assumes the risks thereon, and cannot recover from the defendant for injuries resulting by reason of such dangers and defects . . . .' [Cit.]" *Auerbach v. Padgett*, 122 Ga. App. 79, 81 (176 SE2d 193) (1970). The trial court did not err in granting summary judgment in favor of appellee. See *Inglett v. Winn Dixie, Greenville*, supra; *Cook v. Delite Beauty Supply*, 165 Ga. App. 859 (2) (303 SE2d 40) (1983); *Thomas v. Fabric Outlets*, 169 Ga. App. 175 (311 SE2d 852) (1983).

*Judgment affirmed. Quillian, P. J., and Birdsong, J., concur.*

DECIDED SEPTEMBER 5, 1984.

Robert B. Sumner, J. Laddie Boatright, for appellant.
M. Theodore Solomon II, for appellee.