### 69878. COLBERT v. PIGGLY WIGGLY SOUTHERN.
(332 SE2d 304)

BIRDSONG, Presiding Judge.

This action was brought against Piggly Wiggly Southern for injuries sustained when appellant Colbert slipped and fell. The evidence shows the fall occurred on a rainy day, although there is dispute whether it was raining at the time of Mrs. Colbert's fall. It is undisputed that Mrs. Colbert entered appellee's store and stepped onto a dark mat that was placed inside the door to catch dirt and water, and as she stepped off the rug onto the floor, her right foot slipped on the floor. A store courtesy clerk had been regularly mopping the area, had just finished mopping up water around the mat, and had left a mop and bucket nearby partially concealed by a door. Mrs. Colbert never saw any water on the floor; however, after she fell, she felt the floor

with her hands and it was damp and looked wet. The floor looked shiny to her, just as it does when waxed.

On motion for summary judgment, appellee produced the recent case of *McGauley v. Piggly-Wiggly Southern*, 170 Ga. App. 851 (319 SE2d 15) as being nearly identical and on point, and summary judgment was granted to Piggly Wiggly. Colbert appeals. *Held*:

1. This case is distinguished from *McGauley*, supra, in that this plaintiff gives undisputed evidence that she slipped upon a damp or wet floor, while in *McGauley* the plaintiff did not know how or why she slipped.

In 1965, we issued a comprehensive opinion on the issue of liability in cases of slip and fall specifically on floors made wet by rain conditions. *Gibson v. Consolidated Credit Corp.*, 110 Ga. App. 170 (138 SE2d 77). In summary, we concluded that the owner of such premises is not an insurer of safety of persons invited therein, nor is there any presumption of negligence on the part of the owner or occupier merely upon a showing of injury. Id. p. 178. The true ground of liability is the proprietor's superior knowledge of the perilous instrumentality and the danger therefrom to persons going upon the property. It is when the perilous instrumentality is known to the owner or occupant, and not known to the person injured, that a recovery is permitted. Id. p. 173. See *Alterman Foods v. Ligon*, 246 Ga. 620 (272 SE2d 327). It is common knowledge that when people enter any building in rainy conditions, moisture is tracked in and the inside of the door is likely to be wet; it is a matter of common knowledge that some water will normally be present where shoppers pass during rainy weather. *Gibson*, supra, pp. 173-175. *Hill v. Davison-Paxon Co.*, 80 Ga. App. 840 (57 SE2d 680). It is not the duty of persons in control of such buildings to keep a large force of moppers to remove the rain as fast as it collects. *Gibson*, supra, pp. 174, 176. The duty owed to such invitees is one of ordinary care, or to protect against an unreasonable risk of harm. Id., p. 173. The risk of harm imposed by some accumulation of water on the floor of business premises during rainy days is not unusual or unreasonable in itself, but is one to which all who go out on a rainy day may be exposed and which all may expect or anticipate. *Gibson*, supra, p. 177; *Hill*, supra, p. 842.

"Even if the rainfall had ceased completely [as Mrs. Colbert contends in this case] it seems obvious that the defendant, and others in a like position, must be afforded a reasonable opportunity for mopping the water from the floor. Until such time as one who enters might reasonably expect to find the floor free of water he should expect to find water present." *Gibson*, supra, p. 177.

The appellee's employee had been assigned to mop the doorway regularly because of accumulating water and told Mrs. Colbert he had just finished mopping the area where Mrs. Colbert fell. This was rea-

sonable and ordinary care on appellee's part, even assuming that it was not raining when Mrs. Colbert entered the store and assuming she did not have equal knowledge of the hazard. To say otherwise would render appellee an insurer of its customers' safety, which he is not in this state. *Key v. J. C. Penney Co.*, 165 Ga. App. 176-177 (299 SE2d 895). In *Alterman Foods*, supra and *Key v. J. C. Penney Co.*, supra, it was held that the plaintiff must, at minimum, show that the defendant was negligent. There is simply no evidence of negligence on the part of this appellee. To the contrary, the evidence is undisputed that, under the rainy conditions, the appellee exercised "such diligence toward making the store safe as a good business man is in such matters accustomed to use. [Cits.]" *Alterman Foods*, supra, p. 624. *Key v. J. C. Penney Co.*, supra. The trial court did not err in granting summary judgment to the appellee.

It is noted that in *Weight Watchers v. Welborn*, 165 Ga. App. 290 (299 SE2d 760) and *Telligman v. Monumental Properties*, 161 Ga. App. 13 (288 SE2d 846), the court "rejected the argument that the equal knowledge of the parties as to weather conditions would bar the plaintiff from recovering, holding that the plaintiff would be barred only if she knew of the *specific* hazard which caused her fall." (Emphasis supplied.) *Weight Watchers*, supra, p. 291. Those cases are distinguished by the fact that the proprietor in each case was in fact negligent in failing to exercise ordinary or reasonable care in the maintenance of the premises under the prevailing weather conditions. See *Gibson*, supra, pp. 173, 177.

2. Appellant asks us to decry the equal knowledge/superior knowledge rule as being illogical, untenable and distortive of the issues in a negligence case. Appellant contends the superior knowledge rule is not "the true ground of liability" of the owner of business property to invitees. *Gibson*, supra, p. 173. *Sears, Roebuck & Co. v. Reid*, 132 Ga. App. 136, 138 (207 SE2d 532). Appellant asserts that a comparison of knowledge of the two parties is pointless and inappropriate because the true ground of liability is the proprietor's duty to exercise ordinary care and the reasonableness of his acts. However, the superior knowledge rule is based upon the proprietor's duty to exercise due care while not being an insurer of the invitee's safety. "The owner of premises has the duty to keep them in a safe condition for invitees. [Cit.] However, an owner is not an insurer of an invitee's safety. [Cit.] . . . The basis of the proprietor's liability is his superior knowledge, and if his invitee knows of the condition or hazard there is no duty on the part of the proprietor to warn him and there is no liability for resulting injury because the invitee has as much knowledge as the proprietor does and then by voluntarily acting in view of his knowledge, assumes the risks and dangers incident to the known condition. [Cit.] Thus we can characterize the rule in relation to a

'static condition' as being that the basis of liability of an owner to an invitee who is injured is the superior knowledge of the owner of the existence of a condition that could subject the invitee to an unreasonable risk of injury. [Cit.] *Inglett v. Winn Dixie, Greenville*, 168 Ga. App. 192, 193-194 (308 SE2d 587) (1983)." *Durrance v. Bacon County Hosp. Auth.*, 172 Ga. App. 1-2 (321 SE2d 767). See also *Hill v. Davison-Paxon*, supra, p. 842.

Appellant also contends the equal knowledge rule should be repudiated because it amounts to an imposition of assumption of risk upon the plaintiff, whereas there are several situations where the plaintiff's equal knowledge will not prevent recovery. See *Alterman Foods*, supra, p. 623; *City of Silvertown v. Harcourt*, 51 Ga. App. 160 (3) (179 SE 772). The cases are clear, however, that "[t]he basis of the proprietor's liability is his superior knowledge, and if his invitee knows of the condition or hazard there is no duty on the part of the proprietor to warn him and there is no liability for resulting injury because the invitee has as much knowledge as the proprietor does and then by voluntarily acting in view of his knowledge, assumes the risks and dangers incident to the known condition. *Rogers v. Atlanta Enterprises, Inc.*, 89 Ga. App. 903, 906 (81 SE2d 721)." *Telligman v. Monumental Properties*, supra, p. 14; *Thomas v. Fabric Outlets*, 169 Ga. App. 175, 176 (311 SE2d 852).

The situations described in *Alterman Foods*, supra, p. 623 and *City of Silvertown v. Harcourt*, supra, p. 160 (3), where equal knowledge would not as a matter of law prevent recovery, are in fact situations where the plaintiff's knowledge of the defect is not truly equal. Where the knowledge is truly equal, and not mitigated by some justifying emergency, the rule is that the plaintiff is "equally guilty of a lack of ordinary care in voluntarily subjecting himself to the risk, and can not recover." *City of Silvertown v. Harcourt*, supra, p. 161 (4). The basis of this rule is the plaintiff's own duty to exercise ordinary care for his own safety, and his duty to avoid the effect of the proprietor's negligence after it becomes apparent to him or in the exercise of ordinary care he should have learned of it. "He must make use of all his senses in a reasonable measure amounting to ordinary care in discovering and avoiding those things that might cause hurt to him. [Cits.]" *Alterman Foods*, supra, p. 623.

Finally, appellant contends the equal/superior knowledge rule distorts principles of comparative negligence, which should govern. She urges that the precise issue is not the plaintiff's knowledge but should be "whether he exposed himself to a foreseeable unreasonable risk of harm," and that while the jury should be weighing the comparative negligence of the parties, the equal knowledge rule in fact operates to bar any recovery. However, we fail to see any conflict between the two principles. The law of comparative negligence in operation in

this state is provided at OCGA § 51-11-7: "If the plaintiff by ordinary care could have avoided the consequences to himself caused by the defendant's negligence, he is not entitled to recover. . . ." This is consistent with the equal/superior knowledge rule, where the plaintiff, who himself has the duty of ordinary care, cannot recover if his knowledge of the danger was equal to or greater than that of the proprietor of the premises.

3. The appellee's motion for summary judgment was based on *McGauley v. Piggly Wiggly*, supra, and upon the assertion that "[plaintiff] had equal knowledge of any unsafe condition or hazard on defendant's premises and thus voluntarily assumed the risk and dangers incident to the known condition." Appellant contends that since the plaintiff did not have notice of any other grounds it is impermissible to rule on the motion on any other grounds, as we did in Division 1 of this opinion. " 'As has been pointed out in 6 Moore's Federal Practice 2244, § 56.12, the majority of the Federal Courts have sanctioned the trial judge's grant of summary judgment in favor of a party who does not formally move for the same. *A court may properly grant summary judgment on a ground other than that assigned in the motion where it is clear there is no genuine issue of material fact.* 6 Moore's Federal Practice 2254, 2255, n. 14, § 56.14 [1]. The crucial point is to insure that the party against whom summary judgment is sought has had a full and final opportunity to meet and attempt to controvert the assertions against him.' *Applegarth Supply Co. v. Schaffer*, 130 Ga. App. 353, 356-357 (203 SE2d 277) (1973). Cf. *Cruce v. Randall*, 245 Ga. 669 (266 SE2d 486) (1980)." (Emphasis supplied.) *Martin v. Newman*, 162 Ga. App. 725-726 (293 SE2d 18).

In the case just quoted, the issue was whether a trial court may grant summary judgment on a claim other than the one upon which summary judgment is sought. In *Applegarth Supply Co. v. Schaffer*, supra, summary judgment was affirmed although it had been granted upon a count for which no motion had been made. In *Beazley v. Williams*, 231 Ga. 137, 138 (200 SE2d 751), the Supreme Court held that although it could not be ascertained from the record what grounds were raised in the motion to dismiss, "if such judgment is authorized for any reason, it must be affirmed." See also *Miller Grading Contractors v. Ga. Fed. Savings &c. Assn.*, 247 Ga. 730, 734 (279 SE2d 442); *Argonaut Ins. Co. v. Cline*, 138 Ga. App. 778, 782 (227 SE2d 405); *Jernigan v. Collier*, 134 Ga. App. 137, 138 (213 SE2d 495). The Civil Practice Act provides "every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings." OCGA § 9-11-54 (c) (1). The federal rule, which is instructive, is clearly on point, and the reason for it is that the summary judgment procedure is intended to eliminate the necessity of a trial and dispose of the case

where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Summer-Minter & Assoc. v. Giordano*, 231 Ga. 601, 603 (203 SE2d 173).

It is the duty of each party at the hearing on the motion to present his case in full (*Summer-Minter*, supra, p. 604), and, to prevail, the defendant-movant must produce evidence which negates at least one essential element "under every theory fairly drawn from the pleadings and the evidence." *Lockhart v. Beaird*, 128 Ga. App. 7, 8 (195 SE2d 292). It would be wrong and would defeat the purpose of the Act to deny summary judgment where the evidence and pleadings authorize it, merely because the movant failed to formally specify the precise ground which entitles him to it. The trial court did not err in granting summary judgment in this case, as there remains no genuine issue of material fact as to appellee's negligence and appellee is entitled to judgment as a matter of law.

4. Appellant urges us to repudiate *McGauley*, supra, because it improperly shifted the burden to the plaintiff to make her case without the defendant's having to show first a prima facie entitlement to summary judgment, and specifically because the *McGauley* decision does not mention any competent evidence that there was no defective condition in the rug or floor. Appellant is in error. The Supreme Court held in *Alterman Foods*, supra, at p. 624, that " 'proof of nothing more than the occurrence of the fall is insufficient to establish the proprietor's negligence' [cit.] . . . Thus, the plaintiff must, at a minimum show that the defendant was negligent. . . ."

Summary judgment was granted to the defendant in *McGauley* because the record showed defendant had been mopping all day and had mopped the floor a few minutes before McGauley fell, and was not negligent in maintaining the floor under the rainy conditions; the burden then shifted to McGauley to produce issuable evidence or suffer judgment. Her mere allegation that she fell was insufficient to create an issue of fact as to negligence. *Alterman Foods*, supra; *Key v. J. C. Penney*, supra. This is not a situation for res ipsa loquitur. *Sears, Roebuck & Co. v. Reid*, supra, p. 138.

*Judgment affirmed. Sognier, J., concurs. Carley, J., concurs specially.*

CARLEY, Judge, concurring specially.

Based upon my review of the entire record in this case, I feel that I am compelled to concur in the result reached by the majority. *Alterman Foods v. Ligon*, 246 Ga. 620 (272 SE2d 327) (1980). However, I cannot agree with all that is said in Division 2 of the majority opinion.

ON MOTION FOR REHEARING.

On motion for rehearing, appellant Colbert contends that our decision in *Gibson v. Consolidated Credit Corp.*, 110 Ga. App. 170 (138 SE2d 77) has no authority as binding precedent because only four judges of this court concurred in the court's opinion while one concurred in judgment only and three dissented. *Grantham Transfer Co. v. Hawes*, 225 Ga. 436 (2) (169 SE2d 290); Rule 35 (b) of the Rules of the Court of Appeals of Georgia. Nevertheless, we are not required to repudiate as bad law what was said in *Gibson* and we agree with the principles announced in the case. See *Brownlow v. Six Flags Over Ga.*, 172 Ga. App. 242, 243-244 (322 SE2d 548).

Appellant contends an issue of fact remains whether appellee or its employee was negligent in improperly or incompletely mopping the area; however, the decision was based upon appellee's exercise of ordinary care to protect against unreasonable risk of harm by mopping the area of the rug (*Gibson*, supra, p. 177) and, paramountly, appellant's equal knowledge of the inherent risk of water and dampness in doorways during rainy days. See *Brownlow*, supra.

Rehearing denied. Carley, J., concurs only in the denial of the motion for rehearing.

DECIDED MAY 7, 1985 —
REHEARING DENIED JUNE 5, 1985 —

*Charles M. Cork III*, for appellant.
*John C. Edwards*, for appellee.