## 76415. MacDONALD v. VASSELIN et al.

(373 SE2d 221)

CARLEY, Judge.

Appellant-plaintiff brought suit, seeking damages for the injuries she allegedly sustained when she tripped and fell at the entrance of appellee-defendants' garage. In her original complaint, appellant alleged only that the ledge at the entrance of the garage was a hidden peril and that appellees had been negligent in failing to warn her of its existence. Appellees answered, denying the material allegations of the complaint and, after a period of discovery, they moved for summary judgment. Prior to the trial court's entry of an order on the motion for summary judgment, appellant amended her complaint so as to allege that appellees had been negligent in failing to warn her of the "*hazardous conditions* of the garage floor on the premises *including* the existence of a ledge separating the garage floor from the driveway. . . ." (Emphasis supplied.) Thereafter, the trial court entered an order granting summary judgment in favor of appellees. Appellant appeals from that order.

1. Appellant enumerates as error the trial court's failure to give consideration to her amended complaint in ruling on appellees' motion for summary judgment.

Under the applicable standard of notice pleading, appellant's amended complaint was sufficient to assert a claim against appellees based upon their failure to warn her of the allegedly "hazardous conditions" of the garage floor, which hazardous conditions included but was not necessarily limited to the existence of the ledge. A "complaint shall contain . . . [a] short and plain statement of the claims showing that the pleader is entitled to relief. . . ." OCGA § 9-11-8 (a) (2) (A). "It is not necessary that the complaint be perfect in form or set out all of the issues with particularity, it is necessary only to place the defendant on notice of the claim against him. [Cits.]" *Walton v. James & Dean, Inc.*, 177 Ga. App. 77, 78 (1) (338 SE2d 516) (1985). The trial court's order on appellees' motion for summary judgment reflects, however, its refusal to give consideration to appellant's amended complaint. Since appellant's amended pleading was filed before the entry of the order on appellees' motion for summary judgment, the trial court erred in failing to give it consideration. See generally *Haskins v. Jones*, 142 Ga. App. 153, 154 (3A) (235 SE2d 630) (1977); OCGA § 9-11-15 (a). Appellant's amended complaint may have been subject to a motion for a more definite statement as to what, other than the ledge, constituted the alleged "hazardous conditions" in appellees' garage. See OCGA § 9-11-12 (e). Appellant's amended complaint was not, however, subject to elimination from the trial court's consideration in ruling on appellees' motion for summary judgment.

2. The trial court's error in failing to give consideration to appellant's amended *pleading* would be harmless, if the *evidence* of record nevertheless demonstrates that no genuine issue of material fact remained as to the claim which was asserted therein. Appellant contends, however, that the error was harmful because a genuine issue of fact does exist as to whether appellees negligently failed to warn her of the allegedly "hazardous conditions" of their garage floor, including the existence of the ledge.

It is undisputed that, at the time of her fall, appellant was a social guest at appellees' home. "[A] mere social guest is a licensee. [Cits.]" *Frankel v. Antman*, 157 Ga. App. 26, 27 (276 SE2d 87) (1981). " 'The owner of the premises is liable to a licensee only for willful or wanton injury.' [Cit.] ' "An owner owes to a licensee no duty as to the condition of the premises . . . save that he should not knowingly let him run upon a hidden peril or willfully cause him harm." [Cit.]' " *Nixon v. Edmonson*, 177 Ga. App. 662 (340 SE2d 278) (1986). Applying these general legal principles to the evidence of record in this case shows the following: In support of their motion for summary judgment, appellees submitted affidavits wherein they stated that the condition of their garage floor on the day of appellant's fall was the same as when the house was completed and that appellant had entered the house by passing through the garage on more than fifty occasions. In opposition, appellant submitted her own affidavit, stating therein only that her "foot slipped along the floor of the garage" and that she had not "been cautioned or forewarned to expect to encounter any slippery condition of the floor."

There is no duty to warn one of something that he already knows. " 'The basis of the [landowner's] liability is his superior knowledge and if his [licensee] knows of the condition or hazard there is no duty on the part of the [landowner] to warn him and there is no liability for resulting injury because the [licensee] has as much knowledge as the [landowner] does and then by voluntarily acting, in view of his knowledge, assumes the risks and dangers incident to the known condition. [Cits.] It is when the perilous instrumentality is known to the owner or occupant and not known to the person injured that a recovery is permitted. [Cits.]' " *Bunch v. Stanton*, 174 Ga. App. 233, 235 (1) (329 SE2d 538) (1985). Nothing in appellant's affidavit contradicts the affidavits submitted by appellees. Accordingly, construing the evidence most favorably for appellant, she slipped and fell on a garage floor which was in the same condition as the previous fifty times that she had crossed over it. It follows that she had equal knowledge of the existence of the ledge at the entrance to appellee's garage and that the ledge did not, therefore, constitute a "hidden peril" of which appellant should have been warned. See generally *Westall v. M & M Supermarkets*, 174 Ga. App. 155 (329 SE2d 237)

(1985); *Durrance v. Bacon County Hosp. Auth.*, 172 Ga. App. 1 (321 SE2d 767) (1984); *Thomas v. Fabric Outlets*, 169 Ga. App. 175 (311 SE2d 852) (1983).

Insofar as appellant's general allegations of "hazardous conditions" other than the ledge are concerned, appellees' affidavits would again show that the condition of their garage floor was no different on the day that appellant fell than on the previous fifty times that she had crossed over it. Again, nothing in appellant's affidavit is to the contrary. All that can be said for the affidavit submitted by appellant is that "[s]he merely stated [therein] that she slipped and fell, but that she *could not determine what it was that caused her fall.*" (Emphasis in original.) *Alterman Foods v. Ligon*, 246 Ga. 620, 624 (272 SE2d 327) (1980). "Falling and injuring one's self proves nothing. Such happenings are commonplace wherever humans go. It cannot be inferred from a silent record that [appellees] negligently maintained [their garage] floor. [Appellant's] statements, taken in the light most favorable to her, are merely conclusions and are probative of nothing. The fact is they show that she proceeded on the floor with full knowledge of its condition 'as usual.'" *Alterman Foods v. Ligon*, supra at 625-626. Construing the evidence most favorably for appellant, she had equal knowledge of the condition of the garage floor, which the undisputed evidence of record showed had not changed from the previous times she had passed over it. Accordingly, appellees were not liable for her injuries and the trial court correctly granted their motion for summary judgment.

*Judgment affirmed. Deen, P. J., and Sognier, J., concur.*

DECIDED SEPTEMBER 6, 1988 —
REHEARING DENIED SEPTEMBER 21, 1988.

*James S. Lanier, Jr.*, for appellant.
*Morris E. Braswell, William D. Harrison*, for appellees.