76488. WALL v. RANGER INSURANCE COMPANY.
(374 SE2d 333)

BANKE, Presiding Judge.

Wall sued Ranger Insurance Company seeking to recover casualty benefits allegedly due him under a truck cargo insurance policy issued by Ranger. He brings this appeal from the grant of Ranger's motion for summary judgment.

The policy covered three listed vehicles but also provided for immediate coverage of "substituted" vehicles, subject to the following proviso: "The insured hereby agrees to report to this company in writing all such substitutions as soon as practicable and to pay additional premium if required." During the term of the policy, Wall apparently disposed of at least two of the three listed vehicles and acquired ownership of various other vehicles, including a 1973 Trailmobile trailer.

In September and October 1981, Wall verbally advised the agent who had sold him the policy that he wished to make certain changes with regard to the vehicles listed therein, but he did not at that time supply the agent with specific information concerning the vehicles to be added. On November 2, 1981, the agent sent a letter to Wall advising him of the coverage presently in force and requesting that he provide specific information concerning any additional vehicles he wanted listed "for coverage" under the policy. On November 18, 1981, the unlisted 1973 Trailmobile trailer was involved in an accident which allegedly resulted in a cargo loss in excess of $64,000. The following day, Wall's insurance agent sent a letter to Ranger requesting that the policy be endorsed, effective November 10, 1981, to delete two trailers previously listed as insured and to add four trailers, including the 1973 Trailmobile.

Ranger denied Wall's demand for retroactive coverage on the 1973 Trailmobile and refused to defend an action brought against him to recover damages for the cargo loss. Wall then instituted the present action against Ranger seeking to recover the amount of the cargo loss, plus a bad-faith penalty and attorney fees. Ranger moved for summary judgment on the ground that Wall's claim was barred by a policy provision requiring any such suit to be filed within one year of the date of loss. The trial court ruled in favor of Wall on that issue

but nevertheless granted Ranger's motion for summary judgment, concluding that Wall's failure to give written notice of the substitution of the 1973 Trailmobile in accordance with the policy requirements barred him from any recovery as a matter of law. *Held*:

Wall contends that the trial court erred in granting summary judgment to Ranger on the basis of a defense which Ranger had never asserted. " 'A court may properly grant summary judgment on a ground other than that assigned in the motion, where it is clear there is no genuine issue of material fact.' " *Martin v. Newman*, 162 Ga. App. 725 (293 SE2d 18) (1982), citing 6 Moore's Fed. Practice 2254, 2255, n. 14, § 56.14 [1]. See also *Colbert v. Piggly Wiggly Southern*, 175 Ga. App. 44, 49 (332 SE2d 304) (1985). In such a situation, the crucial inquiry is whether the party against whom summary judgment is sought has had a "full and final opportunity to meet and attempt to controvert the assertions against him." *Applegarth Supply Co. v. Schaffer*, 130 Ga. App. 353, 356-357 (203 SE2d 277) (1973); *Martin v. Newman*, supra at 726; *Colbert v. Piggly Wiggly Southern*, supra at 48.

Although it is true that Ranger did not specifically assert Wall's failure to comply with the written notice of substitution requirement either in its answer or in its motion for summary judgment, the issue was litigated in a motion for reconsideration which Wall filed after Ranger's motion for summary judgment was granted. In his motion for reconsideration, Wall asserted that any lack of compliance with the notice provision on his part was excused by Ranger's failure to provide him with a copy of the policy. However, the record reveals without dispute that on three occasions prior to the accident Wall was specifically advised by his own agent of the necessity of providing identifying information concerning any unlisted vehicles for which he desired coverage. Under such circumstances, Wall's failure to supply that information cannot reasonably be attributed to Ranger's alleged failure to send him a copy of the policy. Compare *Woods v. State Farm &c. Ins. Co.*, 234 Ga. 782 (218 SE2d 65) (1975).

We note that to excuse Wall from compliance with the notice requirement under the circumstances of this case would, in effect, be to force the insurer to provide retroactive coverage not merely for one or more replacement vehicles but for two *additional* vehicles for which no premium had been paid. There being no question in the present case that Wall failed to comply with the notice requirement, and no legal excuse having been offered for such lack of compliance, it is apparent that no purpose would be served by returning the case to the trial court for further litigation. The grant of summary judgment to Ranger is accordingly affirmed.

*Judgment affirmed. Birdsong, P. J., and Beasley, J., concur.*

DECIDED SEPTEMBER 15, 1988 —
REHEARING DENIED OCTOBER 13, 1988

George M. Peagler, Jr., James V. Towson, Craig N. Cowart, for appellant.
C. Richard Langley, for appellee.