A89A1460. BRYAN v. BUDDY PATRICK, INC. et al.
(386 SE2d 374)

DEEN, Presiding Judge.

Appellant Bryan lived for several years in Unit 6 of a two-building apartment managed by appellee Patrick and owned by the other appellees. In the alley between the two buildings was a series of circular drainage holes, each covered with a metal grate which lay approximately flush with the pavement. In April of 1983 Bryan tripped on the grate covering the hole nearest Unit 6 and fractured his right ankle. In the lawsuit filed against appellees he testified that he was aware of the presence of these holes and of their potential for danger and had consciously avoided stepping on them. Evidence was adduced that the drainage hole in which Bryan had stepped had no design defect apparent to appellees' insurer's agent.

In March 1986, after Bryan had moved into Unit 7, which is in the same building with and immediately adjacent to his original unit, he stepped upon or into the drainage hole nearest his current dwelling

and did extensive damage to his left ankle. He brought a negligence action against appellees, alleging that appellees had actual and constructive notice (consisting of his own 1983 lawsuit and unspecified incidents involving other tenants) that the drainage holes constituted a danger. He further alleged that the holes were inspected by Patrick or his agent twice a month and that an agent of Patrick's was on the premises every day. Additionally, he alleged that he had no knowledge of the specific hazard posed by the various holes. Appellees contended that the proprietor is not an insurer of his patrons' or tenants' safety and that appellant's knowledge of the drain's condition and any associated dangers was equal or superior to that of appellees; and that he therefore could not expect to recover for any damage he might sustain as a result of injuries incurred in connection with the alleged defect or other hazard. The trial court granted appellees' motion for summary judgment, and Bryan appeals. *Held*:

1. Appellant first enumerates as error, in general terms, the award of summary judgment. He then enumerates two alleged errors in more specific terms: the trial court erred in finding that appellee did not have actual or constructive notice of the specific hazard presented by the drainage hole which figures in the instant case, and the court further erred in finding that appellant had equal or superior knowledge regarding the holes and the dangers they posed. Because in his argument and citation of authority appellant discusses the first and second enumerations together, we shall deem Enumeration 1 abandoned and treat Enumeration 2 as the first enumeration of error.

2. In his argument appellant reviews the statutory and case law pertaining to such issues as landlord liability, patent and latent defects, duty to repair, common areas, and notice. He contends that such matters are for the jury to decide, and that summary judgment in the instant case was therefore improper. He likewise contends in Enumeration 3 (treated as Enumeration 2) that matters of assumption of risk, ordinary care, and contributory negligence are properly matters for a jury rather than for summary adjudication.

Appellant is correct in stating that this is the general rule. See, e.g., *Georgia Power Co. v. Knighton*, 169 Ga. App. 416 (312 SE2d 872) (1984); *Malvarez v. Ga. Power Co.*, 166 Ga. App. 498 (304 SE2d 542) (1983); OCGA § 9-11-56 and annots. The exception which proves this rule, however, is well established: in "plain and palpable" cases, when the statutory criteria have been met, it is proper to dispose of such issues by summary judgment. *Malvarez*, supra; *Fort v. Boone*, 166 Ga. App. 290 (304 SE2d 465) (1983). We find the instant appeal, on its facts, to be such a "plain and palpable" case. Construing the evidence most favorably for the appellant, we find that appellees did not necessarily have notice of the specific hazard which appellant contends was inherent in the second drainage hole (that nearest to Unit 7) and

moreover, that according to the undisputed evidence of record, appellant's knowledge of the purported hazards was equal or superior to that of appellees. See *MacDonald v. Vasselin*, 188 Ga. App. 467 (373 SE2d 221) (1988). The trial court therefore did not err in awarding summary judgment, and appellant's enumerations of error are without merit.

*Judgment affirmed. Birdsong and Benham, JJ., concur.*

DECIDED SEPTEMBER 5, 1989.

*E. Graydon Shuford & Associates, Charles F. Perkins*, for appellant.

*R. Chris Irwin & Associates, Thurbert E. Baker*, for appellees.