### A96A1160. PRITCHETT v. HARTWELL ENTERTAINMENT GROUP, INC. et al.
#### (472 SE2d 512)

Andrews, Judge.

George Pritchett filed suit against Hartwell Entertainment Group ("Hartwell") after he slipped and fell on the muddy track of Hartwell Raceway. Fifteen and one-half years old at the time of his fall, Pritchett went to the track with friends who were racing on the dirt oval that night. He purchased a "pit pass" which allowed him to go into the pit area inside the track. After walking from the grandstand, across the track, and into the pit, he again crossed the track to return to the parking lot and retrieve snuff from his friend's truck. During his absence, trucks apparently wet the track to prepare it for racing. When Pritchett returned from the truck and tried to cross the track again, he fell in the mud and suffered injuries to his knee. The trial court granted summary judgment to Hartwell, and based upon the undisputed facts and the law outlined below we affirm its judgment.

Although Pritchett had not been to Hartwell Raceway before his fall, he had visited similar racetracks and was familiar with the fact that such dirt tracks must be kept damp to prevent the cars from kicking up too much dust. In his deposition, he testified that before the races, trucks spray water on the track and drivers take a few laps around the track to pack the mud. When Pritchett purchased his pit pass, he signed a statement stating he acknowledged the racing surface and pit areas were "restricted areas" and agreed to "continuously" inspect those areas to ensure his own safety. His companion who was racing that evening warned him to be careful when crossing the track. When he crossed the track the first two times, Pritchett noticed it was damp, hard, slick, and sloped. When he returned from the truck, he took five or six steps into what he described as a muddy, slippery track visibly covered with water, and he fell.

Unlike slip and fall cases in which a proprietor has negligently allowed a foreign substance to accumulate on the floor and has negligently failed to clean it up, this case involves the intentional application of water to a mixture of dirt and clay — an application apparently necessary for proper racing. The parties do not address whether the muddy track itself constituted a "defect." Hartwell might have

argued it adequately warned Pritchett through its written notice, thereby fulfilling its duty by warning of the dangerous condition. See *City of Winder v. Girone*, 265 Ga. 723 (1) (462 SE2d 704) (1995). But Hartwell avoids any question of its own actions and contends that, even if it negligently maintained its raceway in a manner unsafe for Pritchett, Pritchett's own knowledge of the track's condition prevents his recovery. We agree.

Under the superior/equal knowledge rule, "a knowledgeable plaintiff cannot recover damages if by ordinary care he could have avoided the consequences of defendant's [alleged] negligence. [Cit.]" (Punctuation omitted.) *Shansab v. Homart Dev. Co.*, 205 Ga. App. 448, 450 (3) (422 SE2d 305) (1992). In this case, "[w]e can state without equivocation that [Pritchett] was under a duty equal to that of [Hartwell] to use his sight to discover any defect or dangers. [Cit.]" *First Pacific Mgmt. Corp. v. O'Brien*, 184 Ga. App. 277, 280 (361 SE2d 261) (1987). "A plaintiff is held accountable for the failure to exercise due care for personal safety when doing an obviously dangerous act, and that failure is regarded as the sole proximate cause of the injury. [Cit.]" *Girone*, supra at 724 (2).

Before he fell, Pritchett knew this track was damp, sloped, and slick. He could see water glistening on its surface. His companions and Hartwell had informed him this track was dangerous. Furthermore, from his experiences at other tracks, Pritchett knew that, during his absence from the track area, trucks might water the track before the race. His presumed awareness is similar to that of the grocery shopper who enters a store on a rainy day and is deemed to know customers have tracked water into the store. See *Key v. J. C. Penney Co.*, 165 Ga. App. 176, 177 (299 SE2d 895) (1983). The evidence of record shows his equal knowledge of the dangers inherent in crossing this track. *Brownlow v. Six Flags Over Ga.*, 172 Ga. App. 242, 243-244 (322 SE2d 548) (1984).

Pritchett contends he was unaware of the *extent* of the muddy track's slipperiness. "While, ordinarily, knowledge of a defect is not necessarily knowledge of danger inherent in the defect, we think that knowledge of the presence of mud is obviously knowledge of the probable danger of slipping when walking therein." (Citations and punctuation omitted.) *Soto v. Roswell Townhomes*, 183 Ga. App. 286, 287 (358 SE2d 670) (1987). Or, as we said more bluntly in *O'Brien*, supra at 281, "One cannot admit knowledge of the presence of a mine field but claim ignorance because he was not aware that a mine was placed at the point he decided to enter it."

Pritchett was not required to enter the pit area. He could have remained outside the oval in the grandstands. See *Shansab*, supra at 451 (4); compare *Grier v. Jeffco Mgmt. Co.*, 176 Ga. App. 158, 159-160 (335 SE2d 408) (1985). Neither is Hartwell responsible for failing to

place mats or build a handrail across the track, as Pritchett's counsel suggests. Pritchett cannot allege the omission of these devices as negligence when he could plainly see these aids were not available. *Key*, supra at 177.

Finally, Pritchett alleges he was "distracted" by the "scene and activity in the pit area." As evidence in support of his distraction theory, he references an affidavit not in the record and cites to a page of the record which is actually a page of argument in his brief to the court below. As he points to no evidence of record supporting this argument, we will not consider it. "A brief or an attachment thereto cannot be used as a procedural vehicle for adding evidence to the record." (Citations and punctuation omitted.) *Brown v. State*, 214 Ga. App. 676, 678 (3) (448 SE2d 723) (1994).

*Judgment affirmed. Pope, P. J., and Smith, J., concur.*

DECIDED JUNE 14, 1996.

*The Gordon Law Firm, Eleanor P. Cotton, Charles D. Strickland, Clifford E. Alexander*, for appellant.

*Brinson, Askew, Berry, Seigler, Richardson & Davis, Mark M. J. Webb, Lawrence, Ford & Ridgeway, Francis N. Ford*, for appellees.