43085. YATES v. CRUMBLEY.

SUBMITTED SEPTEMBER 6, 1967—DECIDED SEPTEMBER 22, 1967.

*Neely, Freeman & Hawkins, Paul M. Hawkins, J. Bruce Welch,* for appellant.

*Hutcheson, Kilpatrick & Watson, Lee Hutcheson, G. Robert Oliver,* for appellee.

HALL, Judge. The defendant contends that under these circumstances the plaintiff was only a licensee on the stairway and as a landlord he owed to her only the duty not to wilfully or wantonly injure her. The issue is whether the facts in the petition show that the plaintiff was a social invitee of the upstairs tenant. To such a person the landlord would owe the duty to exercise ordinary care to keep the premises in repair and free of defective construction. *Code* § 61-112.

Irrespective of whether the plaintiff would have been impliedly invited to the upstairs apartment because of the fact that her son was a social guest there, the petition alleges that the plaintiff did visit with the tenants of the upstairs apartment as a social guest and was injured while departing from that apartment. The allegations stated above bring the peti-

tion within the rule, "A landlord is liable to one lawfully present on the rented premises; by invitation of the tenant, for injuries arising from defective construction, or from failure to keep the premises in repair, when the defect is known to the landlord or in the exercise of reasonable diligence could have been known, and the injured person was himself in the exercise of due care." *Ross v. Jackson*, 123 Ga. 657 (51 SE 578). The duty of a landlord to his tenant is prescribed by statute and common law. The landlord's duty would seem to be founded on the fact that the letting of property is commonly with the purpose of gain to the owner.

The rights of persons on the premises by invitation of the tenant to have the landlord exercise due care for their safety is derived from the right of the tenant to have the landlord exercise such care toward him. They "stand in his shoes." *Crossgrove v. A. C. L. R. Co.*, 30 Ga. App. 462, 464 (118 SE 694); *Hickman v. Toole*, 31 Ga. App. 230 (120 SE 438); *Kleinberg v. Lyons*, 39 Ga. App. 774 (148 SE 535); *Rothbert v. Bradley*, 85 Ga. App. 477, 485 (69 SE2d 293); *Nunnally v. Shockley*, 91 Ga. App. 767, 769 (87 SE2d 115). These rights against the landlord do not follow from the duty which the tenant as business proprietor or as host owes to his invitee. The duty the occupying owner owes to his social guest is founded upon different reasons.

The trial court erred in sustaining the general demurrer to the petition.

*Judgment reversed. Felton, C. J., and Eberhardt, J., concur.*