## 68071. McGAULEY v. PIGGLY-WIGGLY SOUTHERN, INC.

BIRDSONG, Judge.

Patricia McGauley filed suit against Piggly-Wiggly for damages sustained when she entered the Piggly-Wiggly store on a very rainy day and fell as she attempted to step off a mat inside the door. She contends the mat was soaked through with water and that the store employees failed to change the mat as was their proper and usual procedure in such cases, so that water ran out onto the terrazzo floor, creating a slippery hazard, all of which the appellee knew or should have known. She stated that she herself did not see water on the floor. In her deposition, she testified that she wiped her feet on the mat after she entered the store, and as she "went to step off the rug" onto the floor, and "was walking towards the edge of the rug," she fell. She testified that she thinks she slipped as she put her foot on the terrazzo floor, but is not exactly sure if her foot was on the floor or on the rug when she slipped. Her right knee bore the brunt of the fall, and she suffered damage to it requiring surgery. She was asked whether she could "hear the water squishing out from under the rug," and she replied that she could. She later explained by way of affidavit that this remark was meant to refer to what she learned after she fell and her knee hit the mat. Piggly-Wiggly employees presented evidence that they had been mopping all day and had mopped the area a few minutes before McGauley entered the store. The trial court granted summary judgment to Piggly-Wiggly, without explanation, and McGauley appeals. *Held*:

The appellee Piggly-Wiggly contends summary judgment was proper because the fundamental basis of liability in a slip and fall case, which is the proprietor's superior knowledge of a situation and the corresponding danger to persons coming on the premises (*Alterman Foods v. Ligon*, 246 Ga. 620 (272 SE2d 327)), is not present in this case. Piggly-Wiggly points to McGauley's testimony that she heard water "squishing out of the rug," as proof of equal knowledge. Piggly-Wiggly especially relates this principle of equal knowledge to cases involving the wet entrances of stores on rainy days which is a situation customarily to be found on such days so that in such a case the plaintiff should generally be as well apprised of the dangerous condition as the defendant, and should be held to as high a degree of care for her own safety as the defendant. *Gibson v. Consolidated Credit Corp.*, 110 Ga. App. 170, 173 (138 SE2d 77); *Conaway v. McCrory Stores Corp.*, 82 Ga. App. 97, 101-102 (60 SE2d 631).

Pretermitting any determination whether Piggly-Wiggly had actual or constructive superior knowledge of a dangerous condition is the fact that there is no evidence Mrs. McGauley slipped because of such a dangerous condition. The only evidence is that she slipped; she

does not know whether her foot slipped upon the rug, or upon the terrazzo floor, or whether she slipped on a wet or dry surface. She simply slipped. She heard water squishing from the rug, and her knee became wet when it landed on the rug; that is how we should infer the rug was wet, but it does not prove in any measure how or why she slipped. " 'To presume that because a customer falls in a store that the proprietor has somehow been negligent would make the proprietor an insurer of his customer's safety which he is not in this state.' " *Key v. J. C. Penney Co.*, 165 Ga. App. 176-177 (299 SE2d 895). This record is silent as to why or how the appellant slipped, or upon what. Summary judgment to the appellee was proper.

*Judgment affirmed. Quillian, P. J., and Carley, J., concur.*

DECIDED MAY 7, 1984.

*C. Stanley Lowery, Charles C. Stebbins III, Roy D. Tritt,* for appellant.

*Gould B. Hagler,* for appellee.