71777. BRADLEY et al. v. RED FOOD STORES
(GEORGIA), INC.
(345 SE2d 127)

McMURRAY, Presiding Judge.

On December 12, 1983, Edith Bradley, wife of Cecil Bradley, entered defendant's grocery store where she contends she slipped and fell resulting in personal injuries. On October 12, 1984, the plaintiff wife filed an action for damages against the defendant alleging that "[t]he defendant failed to exercise ordinary care to keep its premises safe." The plaintiff wife further alleged that "[t]he floor of defendant's store had water, ice, or other such similar substance which caused the floor to become slick thereby causing plaintiff . . . to fall." Plaintiff Cecil Bradley joined his wife and sought damages for loss of consortium.

The defendant filed its answer denying the material allegations of the plaintiffs' complaint and discovery was undertaken by the parties. On May 17, 1985, the defendant filed a motion for summary judgment and on July 3, 1985, the trial court granted this motion. The plaintiffs now appeal. *Held*:

In their only enumeration of error plaintiffs contend that the trial court erred in granting defendant's motion for summary judgment. We do not agree.

There is no evidence that the plaintiff wife slipped because of a "dangerous condition" in defendant's store. In her complaint, the plaintiff wife alleged that "[t]he floor of defendant's store had water, ice or other such similar substance which caused the floor to become slick thereby causing plaintiff, Edith Bradley, to fall." In her deposition, the plaintiff wife affirmed that she did not know what she slipped on. In an affidavit filed in opposition to the motion for summary judgment, the plaintiff wife stated that a grill or an electrical outlet was located on the floor in the area where she fell. (The plaintiff wife does not state in her affidavit that she tripped on the grill or electrical outlet.) This evidence demonstrates that the plaintiff wife does not know whether she slipped on a slick condition caused by water, ice or "other such similar substance," or whether she tripped over a grill or an electrical outlet on the floor. " ' "To presume that because a customer falls in a store that the proprietor has somehow

been negligent would make the proprietor an insurer of his customer's safety which he is not in this state." ' *Key v. J. C. Penney Co.*, 165 Ga. App. 176-177 (299 SE2d 895). This record is silent as to why or how the [plaintiff] slipped, or upon what." *McGauley v. Piggly-Wiggly Southern*, 170 Ga. App. 851, 852 (319 SE2d 15). In the case sub judice, the plaintiff wife testified in her deposition that she "didn't inspect the floor" and did not know what caused her fall. Consequently, the trial court properly granted defendant's motion for summary judgment. See also *Alterman Foods v. Ligon*, 246 Ga. 620 (272 SE2d 327).

*Judgment affirmed. Carley and Pope, JJ., concur.*

DECIDED MAY 7, 1986.

*William W. Keith III*, for appellants.
*Henry G. Tharpe, Jr., Cynthia N. Johnson*, for appellee.