72749. HARMON v. COVA et al.
(350 SE2d 774)

McMURRAY, Presiding Judge.

This is a slip and fall case wherein plaintiff was injured at defendants' place of business, a bar and nightclub known as Cova's Connection. Plaintiff's fall occurred when she slipped in water on the floor in the ladies rest room. Plaintiff's complaint alleges that defendants failed to exercise ordinary care to keep their premises safe for patrons in that they allowed water and soggy toilet paper to remain on the floor after receiving actual knowledge of problems with plumbing fixtures in the rest room. Defendants moved for summary judgment and plaintiff responded with a number of affidavits which were stricken upon defendants' motion to strike. Summary judgment was entered in favor of defendants and against plaintiff. Plaintiff appeals, enumerating as error the striking of the affidavits she submitted in opposition to summary judgment and the grant of summary judgment to defendants. *Held*:

1. "It is well established that in slip and fall cases involving foreign substances the plaintiff must show that the owner ' "was aware of the substance or would have known of its presence had he exercised reasonable care." (Cits.)' *Alterman Foods v. Ligon*, 246 Ga. 620, 622 (272 SE2d 327) (1980)." *DeGracia v. Huntingdon Assoc.*, 176 Ga. App. 495 (1) (336 SE2d 602). In the case sub judice defendants acknowledge in their affidavits that "the toilets in the ladies' room would occasionally overflow due to the introduction of foreign, non-

human waste material into the plumbing system. For this and other business reasons the ladies' rest room was periodically checked to detect and prevent the need for maintenance above and beyond that normally required of a barroom rest room." Plaintiff's deposition presented further evidence, based on knowledge gained during her prior employment at Cova's Connection, that there had been a longstanding problem with the toilets in the ladies' rest room overflowing. Indeed, on the evening when plaintiff's injuries occurred, she had informed defendants of an overflow problem in the ladies' rest room. According to defendants' affidavits the problem reported by plaintiff was corrected immediately. Approximately two hours later plaintiff went to the rest room again and during the course of this visit slipped and fell. (Plaintiff deposed that she did not see the water in which she slipped before she fell but could feel it on her hand after her fall and that her dress "absorbed the water and whatever it was on the floor.")

Defendants acknowledge the problem with overflowing toilets in the ladies' rest room and the consequent need for periodic inspection. There is some evidence in the record that such inspections occurred. Defendants' affidavits show that the ladies' rest room was inspected in preparation for the evening's business and that it was mopped four or five hours prior to plaintiff's fall. There was further attention to the ladies' rest room in response to plaintiff's complaint (at approximately midnight) two hours prior to her injury. The affidavit of a bartender-manager of the bar states that she inspected the ladies' rest room "between the hours of 12 a.m. and 2:30 a.m." and that she usually inspected on an hourly basis. However, there is no indication whether the affiant adhered to the "usual" inspection schedule on the night in question or at what time the last inspection prior to plaintiff's injury occurred. While defendants' evidence as to inspection of the rest room might be sufficient to show due care in many business environments we cannot hold as a matter of law that such was sufficient where, as in the case sub judice, the evidence shows that the overflowing toilets was a virtually continuous problem. The trial court erred in granting summary judgment in favor of defendants as genuine issues of material fact remain for jury determination.

A genuine issue of material fact remains as to whether the history of overflow problems is sufficient to confer upon defendants constructive superior knowledge that water had accumulated on the bathroom floor. Compare *DeGracia v. Huntingdon Assoc.*, 176 Ga. App. 495, supra. Such cases as *Mitchell v. Food Giant*, 176 Ga. App. 705 (337 SE2d 353), holding that a plaintiff must show that the foreign substance was on the floor for a length of time sufficient to permit superior knowledge by a proprietor, actual or constructive, must be distinguished on the facts in that those cases deal with isolated incidents while the case sub judice involves evidence of a virtually continuous

problem.

2. Having determined that the grant of summary judgment was erroneous even in the absence of the affidavits submitted by plaintiff and stricken on defendants' motion to strike, we do not reach the issue of whether the grant of defendants' motion to strike was correct.
*Judgment reversed. Carley and Pope, JJ., concur.*

DECIDED SEPTEMBER 12, 1986 —
REHEARING DENIED NOVEMBER 10, 1986.

*Cletus W. Bergen II*, for appellant.
*Gary M. Wisenbaker*, for appellees.