74319. KENNY v. M & M SUPERMARKET.
(358 SE2d 641)

BIRDSONG, Chief Judge.
Summary Judgment — Slip and Fall. The facts are not in dispute in this case, only the conclusions to be drawn from those facts.

Ms. Kenny went to M & M Supermarket to purchase some groceries. She said that as she walked down an aisle, she felt like she stepped in a liquid substance, some water. It must have been water, she posits, because she slid so far, approximately ten feet. Ms. Kenny conceded she did not know what it was that caused her fall for she did not see a foreign substance, her shoes were not wet nor were her clothes. All she knew was that she fell and it must have been water that caused the fall. In opposition to Ms. Kenny's supposition, an agent of the store affirmed that he had mopped and buffed the floor during the morning hours. In accordance with store policy, he had inspected the area where Ms. Kenny fell approximately five minutes before her slip and found no foreign substances on the floor. Immediately after Ms. Kenny fell, the employee looked for and found no foreign or slippery substance to cause Ms. Kenny's slip and fall.

The conclusion is inescapable that Ms. Kenny slipped and fell for an unexplained reason and the fall caused her to believe she slipped in water, especially because she slid so far. To presume that because a customer falls in a store the proprietor has somehow been negligent would make the proprietor an insurer of his customer's safety, a status not imposed by the law of this state. *Key v. J. C. Penney Co.*, 165 Ga. App. 176 (299 SE2d 895). This record is silent as to why or how Ms. Kenny slipped, or upon what, other than by pure supposition. See *McGauley v. Piggly-Wiggly Southern*, 170 Ga. App. 851, 852 (319 SE2d 15). Her supposition is rebutted by actually observed facts that there was no water or other wet slippery substance on the floor to cause her fall. In passing upon a motion for summary judgment, a finding of fact which may be inferred (as by Ms. Kenny) but is not demanded by circumstantial evidence, has no probative value against positive and unrebutted evidence that no such facts as sought to be inferred do exist. *Ussery v. Koch*, 115 Ga. App. 463 (1) (a) (154 SE2d 879).

Ms. Kenny seeks to invoke a conclusion that because M & M employees were present near the scene of the slip and fall M & M constructively was aware of the dangerous situation caused by the slippery substance. The fallacy of the supposition of constructive knowledge is that the condition must in fact exist and for a sufficient period of time in the immediate vicinity of the proprietor's agents so that constructive knowledge may be imposed. *Mitchell v. Food Giant*, 176 Ga. App. 705 (337 SE2d 353). The doctrine of constructive knowledge does not provide any comfort to Ms. Kenny.

Considering the ultimate fact that Ms. Kenny testified in her deposition that she did not see any substance, did not feel it or experience it on her clothing and did not inspect the floor after her fall, leads inescapably to the conclusion that only a fall was involved; thus the trial court did not err in granting summary judgment to M & M

Supermarket. *Bradley v. Red Food Stores*, 179 Ga. App. 39, 40 (345 SE2d 127).

*Judgment affirmed. Deen, P. J., and Pope, J., concur.*

DECIDED JUNE 4, 1987.

*Steven E. Scheer, H. Press Smith*, for appellant.
*Jordon D. Morrow*, for appellee.