## 74976. SHEPHERD et al. v. HOLMES.
### (362 SE2d 396)

SOGNIER, Judge.

Robert and Sandra Shepherd brought suit for negligence and loss of consortium, respectively, against Lynn Holmes and Wal-Mart Stores, Inc. for injuries incurred following Robert Shepherd's fall in a store leased by Wal-Mart from Holmes. The trial court denied Wal-Mart's motion for summary judgment, which ruling was not appealed, and granted Holmes' motion for summary judgment. The Shepherds appeal.

The record reveals that the roof of the Wal-Mart store in question here had outlived its useful life with the result that leaks appeared in the ceiling of the interior of the building. Due to the make-shift nature of appellee's repairs, leak after leak appeared until Wal-Mart had to threaten appellee with its right to "repair and deduct" in order to obtain a satisfactory resolution of the roof problem. However, the new roof had not yet been installed on the day appellant Robert Shepherd visited the automotive section at the rear of the Wal-Mart store. Shepherd slipped in an aisle within arm's reach of a large (30 or 32 gallon) brown plastic garbage container, which had been placed in the aisle by employees of Wal-Mart to catch the water dripping from two overhead leaks. Shepherd grabbed at the garbage can, which was half filled with water, in an attempt to break his fall, but succeeded only in spilling the contents of the container all over the aisle. The evidence was uncontroverted that the ceiling in the area of Shepherd's fall had been leaking for roughly three weeks, and that the garbage container had been under those particular leaks for two or three days at the time of Shepherd's fall. Leroy McCoy, of Wal-Mart's janitorial department, stated in his deposition that not all of the water leaking from the ceiling always dripped into the garbage container and that on the morning of Shepherd's fall, water had accumulated around the base of the garbage container. McCoy stated he mopped up the water at that time and moved the container in order to compensate for the change in the location of the drip. However, his testimony was equivocal whether he returned to check the container at any point between his 8:00 a.m. mopping and Shepherd's fall at 10:30-11:00 a.m.

1. Appellants contend the trial court erred by granting summary judgment to appellee on the basis that appellee owed no duty to appellants and had no control over the events occurring inside the store. OCGA § 44-7-14 provides: "Having fully parted with possession and the right of possession, the landlord is not responsible to third persons for damages resulting from the negligence or illegal use of the premises by the tenant; provided, however, the landlord is responsible for damages arising from defective construction or for damages aris-

ing from the failure to keep the premises in repair." " 'A landlord is liable to one lawfully present on the rented premises, by invitation of the tenant, for injuries arising from defective construction, or from failure to keep the premises in repair, when the defect is known to the landlord or in the exercise of reasonable diligence could have been known, and the injured person was himself in the exercise of due care.' [Cit.]" *Yates v. Crumbley*, 116 Ga. App. 366, 368 (157 SE2d 295) (1967). Although appellee argues that Wal-Mart's failure to follow its usual precautionary procedures to warn customers of leaks (such as signs or ropes) constituted an "intervening cause" absolving appellee from all liability, the "evidence does not demand a finding that [Wal-Mart's] negligence, if any, was the sole cause of [appellants'] injur[ies], as it must, in order to release [appellee] landlord of all liability arising from his failure to repair the defect." *Carter v. Brannon*, 122 Ga. App. 812, 813 (2) (178 SE2d 755) (1970). It follows that appellee was not entitled to judgment as a matter of law and the trial court erred by granting summary judgment in favor of appellee. Id.

2. Appellee argues we should nevertheless affirm the trial court's grant of summary judgment to him because appellants have failed to show the presence of a "foreign substance" on the floor to explain the fall, the basis for the trial court's denial of summary judgment to appellee's co-defendant. Robert Shepherd did not see a foreign substance on the aisle floor prior to his fall. During his fall, Shepherd tipped over the contents of the half-filled 30-gallon garbage pail. Due to the nature of water and the inadequacies of the unassisted human eye, it was thereafter impossible to determine whether any particular amounts of water in the aisle had been present prior to Shepherd's fall.

Although proof of nothing more than the occurrence of a fall is insufficient to establish negligence, see *Roberts v. Gardens Svcs.*, 182 Ga. App. 573, 574 (356 SE2d 669) (1987), this is not a case in which "pure supposition" provides the only indication as to how the fall occurred. Compare *Kenny v. M & M Supermarket*, 183 Ga. App. 225 (358 SE2d 641) (1987). Here, construing the evidence in favor of the non-movants, there is evidence that the water dripping from the ceiling over the site of Shepherd's fall did not always fall into the garbage container but frequently accumulated in the area around the container, requiring mopping, and that this particular leak had required mopping two to three hours before Shepherd's fall, yet was not checked by the janitorial staff in that three-hour interim. We agree with the trial court that this circumstantial evidence raised a reasonable inference, unrebutted by positive evidence, that Shepherd slipped on water which had dripped onto the floor rather than into the garbage container. We further agree with the trial court that a genuine

issue of material fact remains as to whether the history of leaking roof problems is sufficient to confer upon defendants constructive superior knowledge that water had accumulated on the aisle floor during the three hour "unmopped" period before Shepherd's fall. See *Harmon v. Cova*, 180 Ga. App. 805, 806 (350 SE2d 774) (1986). Thus, we find no merit in appellee's argument that the trial court's holding in regard to this issue provides an alternative basis for affirming the trial court's erroneous grant of summary judgment to him.

*Judgment reversed. McMurray, P. J., and Beasley, J., concur.*

DECIDED OCTOBER 6, 1987 —
REHEARING DENIED OCTOBER 26, 1987 — 

*Cliff C. Perkins*, for appellants.
*Henry E. Scrudder, Jr., Thomas E. Greer*, for appellee.