A93A1343. COLE v. CRACKER BARREL, INC. et al.
(436 SE2d 704)

McMURRAY, Presiding Judge.

Plaintiff Cole brought an action against Cracker Barrel, Inc. and Cracker Barrel Old Country Store, Inc. ("defendants") for damages allegedly sustained when she slipped and fell while on defendants' business premises. Defendants denied the material allegations of the complaint and filed a motion for summary judgment. The undisputed facts reveal that Cole slipped and fell while dining at a restaurant owned and operated by defendants. Cole testified that she did not notice a hazard or defect in the floor where she fell; that she was not distracted when she fell and that she does not know the cause of her fall. She merely explained that the area of the (wood) floor where she fell "just felt slippery."

The trial court granted defendants' motion for summary judgment. This appeal followed. *Held*:

Cole contends genuine issues of material fact remain as to defendants' knowledge of the dangerous nature ("inherent slipperiness") of the wood flooring which allegedly caused her fall.

"Since [Cole] entered the premises for purposes connected with the business of [defendants, she] occupied the status of invitee. As to such, the owner has a duty to exercise ordinary care in keeping the premises safe. OCGA § 51-3-1; *Abney v. London Iron &c. Co.*, 152

Ga. App. 238 (1) (g) (262 SE2d 505) (1979), aff'd 245 Ga. 759 (267 SE2d 214) (1980). This includes 'a duty to inspect the premises to discover possible dangerous conditions of which [the owner] does not know and to take reasonable precautions to protect the invitee from dangers which are foreseeable from the arrangement and use of the premises.' *Begin v. Ga. Championship Wrestling*, 172 Ga. App. 293, 294 (322 SE2d 737) (1984), citing Prosser, Law of Torts (4th ed.) 393 § 61." *Barksdale v. Nuwar*, 203 Ga. App. 184, 185 (416 SE2d 546). However, this does not mean that a proprietor is an insurer of the quality, durability or safety of materials used for construction of the premises. See *Gibson v. Consolidated Credit Corp.*, 110 Ga. App. 170, 171 (1) (138 SE2d 77) (1964). On the contrary, if defendants' premises' floor "was constructed 'of a material commonly accepted in the building industry,' the standard of ordinary care [has] been met. *Gibson v. Consolidated Credit Corp.*, 110 Ga. App. 170 (1)[, supra]." *Madaris v. Piggly Wiggly Southern*, 205 Ga. App. 405 (1), 406 (422 SE2d 273).

"To prevail at summary judgment under OCGA § 9-11-56, the moving party must demonstrate that there is no genuine issue of material fact and that the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law. OCGA § 9-11-56 (c). A *defendant* may do this by showing the court that the documents, affidavits, depositions and other evidence in the record reveal that there is no evidence sufficient to create a jury issue on at least one essential element of plaintiff's case. If there is no evidence sufficient to create a genuine issue as to any essential element of plaintiff's claim, that claim tumbles like a house of cards. All of the other disputes of fact are rendered immaterial. See, e.g., *Holiday Inns v. Newton*, 157 Ga. App. 436 (278 SE2d 85) (1981). A defendant who will not bear the burden of proof at trial need not affirmatively disprove the nonmoving party's case; instead, the burden on the moving party may be discharged by pointing out by reference to the affidavits, depositions and other documents in the record that there is an absence of evidence to support the nonmoving party's case. If the moving party discharges this burden, the nonmoving party cannot rest on its pleadings, but rather must point to specific evidence giving rise to a triable issue. OCGA § 9-11-56 (e)." *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474).

In the case sub judice, there is no evidence that the wood flooring in defendants' restaurant was defective; that the area where Cole fell was negligently maintained or that the wood flooring used in defendants' restaurant is not an accepted flooring material commonly used in the building industry. The only evidence with regard to the condition of the floor at the time of Cole's fall is her own deposition testimony that the floor "just felt slippery." This evidence is insufficient

to raise genuine issues of material fact as to defendants' negligent maintenance, design or construction of its business premises. See *Tolliver v. Hollingsworth*, 161 Ga. App. 118 (289 SE2d 272). Further, affidavits of two of defendants' patrons and a former employee of defendants describing prior incidents similar to Cole's fall do not authorize a finding that defendants were negligent in maintaining their premises at the time of the incident which forms the basis of the case sub judice. " ' "Our Supreme Court has held that 'proof of nothing more that the occurrence of [a] fall is insufficient to establish the proprietor's negligence.' . . ." ' *J. C. Penney Co. v. Smith*, 173 Ga. App. 612, 613 (327 SE2d 574). Accord *Roberts v. Gardens Svcs.*, 182 Ga. App. 573 (356 SE2d 669)." *Harmon v. Reames*, 188 Ga. App. 812, 813 (374 SE2d 539).

In view of the absence of evidence showing that Cole's fall was the result of defendants' negligence, we cannot say the trial court erred in granting defendants' motion for summary judgment. See *Lau's Corp. v. Haskins*, 261 Ga. 491, 495 (4), supra.

*Judgment affirmed. Johnson and Blackburn, JJ., concur.*

DECIDED SEPTEMBER 29, 1993 —
RECONSIDERATION DENIED OCTOBER 7, 1993

*Blank & Associates, A. Russell Blank*, for appellant.

*Murray & Temple, William D. Strickland, John C. McCaffery*, for appellees.