A96A2111. HALL v. CRACKER BARREL OLD COUNTRY STORE, INC.
(476 SE2d 789)

ELDRIDGE, Judge.

On November 20, 1992, appellant entered the Cracker Barrel Old Country Store in Macon, Bibb County, to have a breakfast meeting with co-workers. The Cracker Barrel restaurant is set up into two distinct areas: a gift shop at the entrance, which has a hardwood floor, and a restaurant, which has a rough, quarry tile floor.

As appellant walked from the gift shop to the restaurant, she slipped and fell on the hardwood floor, landing on her buttocks and injuring her right wrist. Appellant testified that she did not see any foreign substance on the floor, and her clothing was not wet; she said only that the floor looked shiny and was "slippery." Appellant admitted that she had been to the restaurant both before and after the accident and had successfully negotiated the same area without slipping.

Appellee's associate manager on duty saw appellant fall and assisted appellant while she had breakfast at the restaurant, offering to call an ambulance (appellant declined), and getting ice for appellant's sore wrist. Appellee's associate manager testified that appellant slipped again when she was leaving the restaurant.

Appellant was treated initially at a hospital emergency room, and, a few days later, appellant consulted with an orthopedist, who determined that appellant's wrist was fractured and applied a hard cast. Appellant did not notify appellee of her medical care, nor did she submit medical bills to appellee for payment.

Appellant filed suit against appellee for damages arising from the fall, alleging that appellee's floor was defective or that appellee was negligent in maintaining, designing, or constructing its business premises. Appellee responded with evidence that the floor was clean and dry at the time of the fall; that the floor was only cleaned with vinegar and water or with "Renovator," a special cleaner/conditioner

that is not a wax and does not make the floor slippery; that such care is consistent with the Cracker Barrel restaurant's policy manual; that the floor was not slippery when it was clean and dry; that several other customers had traversed the same area on the day of the accident without slipping; and that the associate manager had never seen another customer fall at the threshold. After considering affidavits and depositions submitted by the parties, the trial court granted summary judgment to the appellee.

1. In the first enumeration of error, appellant asserts that the trial court erred in granting summary judgment since genuine issues of material fact remain in dispute. "To prevail at summary judgment under OCGA § 9-11-56, the moving party must demonstrate that there is no genuine issue of material fact and that the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law. A defendant may do this by showing the court that the documents, affidavits, depositions and other evidence in the record reveal that there is no evidence sufficient to create a jury issue on at least one essential element of plaintiff's case. If there is no evidence sufficient to create a genuine issue as to any essential element of plaintiff's claim, that claim tumbles like a house of cards. All of the other disputes of fact are rendered immaterial." (Citations and emphasis omitted.) *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991). Further, "the burden on the moving party may be discharged by pointing out by reference to the affidavits, depositions and other documents in the record that there is an absence of evidence to support the nonmoving party's case. If the moving party discharges this burden, the nonmoving party cannot rest on its pleadings, but rather must point to specific evidence giving rise to a triable issue. OCGA § 9-11-56 (e)." Id.

In the case sub judice, appellant asserts that she "slipped and fell due to the defective flooring and/or excessive waxing of the floor . . ." or because appellee was negligent by "failing to properly maintain, design, and/or construct its business premises." Further, appellant asserts that appellee should have known about this allegedly dangerous condition and taken steps to warn customers about the hazard.

However, appellee has pierced appellant's complaint by presenting evidence that no defective or dangerous condition existed that caused appellant to fall. Appellee's associate manager testified in his deposition and affidavit that the floor had been maintained according to the policy manual and had not been waxed; that the floor was not slippery when clean and dry; that the floor was clean and dry at the time of appellant's fall; and that no foreign substances were on the floor that may have caused appellant to slip and fall. In response, appellant admitted that she is unsure as to how and why she fell and

relied on her assertion that the floor was "slippery" and, therefore, defective and dangerous.[1]

Further, pretermitting whether or not a defective condition existed, appellant must also prove that there was "an act or omission [by appellee] which was the proximate cause of [the] injury and which could not have been avoided by the [appellant] through the exercise of ordinary care. [Cit.]" *Alterman Foods v. Ligon*, 246 Ga. 620, 624 (272 SE2d 327) (1980). "The weight of authority in cases where the plaintiff slips and falls, allegedly due to the defendant's negligence in maintaining a highly waxed and slippery floor, is that 'proof of nothing more than the occurrence of the fall is insufficient to establish the proprietor's negligence.' [Cit.] . . . [T]he plaintiff must, at a minimum, show that the defendant was negligent either in the materials . . . used in treating the floor or in the application of them." Id.; see also *J. C. Penney Co. v. Smith*, 173 Ga. App. 612, 613 (327 SE2d 574) (1985).

In the case sub judice, appellant alleged such negligence in the care of the floor, but appellee's evidence pierced the pleadings at issue by presenting evidence that their care of the floor was consistent with the policy manual of Cracker Barrel; that they used only vinegar and water or "Renovator," a hardwood floor cleaner and conditioner, to clean the floor; and by affirmatively denying the use of waxes or substances which would make the floor slippery. Again, in response, appellant failed to present any evidence that such floor care was negligent other than the assertion that the floor was "slippery" and that, therefore, the appellee must have been negligent.

In a case with remarkably similar facts, this Court found that summary judgment was appropriate when the plaintiff failed to present evidence that the "wood flooring in [defendant's] restaurant was defective; that the area where [plaintiff] fell was negligently maintained or that the wood flooring used in [defendant's] restaurant is not an accepted flooring material commonly used in the building industry. The only evidence with regard to the condition of the floor

---

[1] Appellant, in her affidavit, bolstered this assertion by claiming that, in her opinion, the area of the floor where she fell was "shiny" and, therefore, over-waxed or excessively worn. However, when asked during her deposition if there was anything different or unique about the appearance of the spot on the floor where she fell that makes it stand out from the rest of the hardwood floor, appellant answered "no." "Although we construe the evidence most favorably to appellant as the party opposing the motion for summary judgment, 'where there is a direct contradiction in the testimony of the respondent as to a material issue of fact, that party's unfavorable testimony will be taken against him,'" unless there is a reasonable explanation for the discrepancy. (Citations omitted.) *Simone v. Hancock Textile Co.*, 175 Ga. App. 191, 193 (332 SE2d 669) (1985); see also *Prophecy Corp. v. Charles Rossignol, Inc.*, 256 Ga. 27, 30 (343 SE2d 680) (1986); *Brown v. Amerson*, 220 Ga. App. 318 (469 SE2d 723) (1996); *Papera v. TOC Retail*, 218 Ga. App. 777, 778 (463 SE2d 61) (1995). Appellant has offered no explanation for the inconsistent testimony.

at the time of [plaintiff's] fall is her own deposition testimony that the floor 'just felt slippery.' This evidence is insufficient to raise genuine issues of material fact as to [defendant's] negligent maintenance, design or construction of its business premises." *Cole v. Cracker Barrel*, 210 Ga. App. 488, 489-490 (436 SE2d 704) (1993).

Further, in *Alterman Foods*, supra, another similar slip and fall case, the defendant introduced testimony that there was no foreign substance or defect on the floor at the time of plaintiff's fall and that other customers had traveled over the area without incident. Id. at 625. The Supreme Court held that the evidence presented was "sufficient to pierce the pleadings of the plaintiff and to shift the burden to her to produce issuable evidence or suffer judgment. 'The evidence [here] is not ambiguous, doubtful, or susceptible of more than one interpretation. There is no evidence that the defendant or its agents were guilty of any negligence. Indeed the record affirmatively shows the absence of any negligence by the defendant or its agents. The evidence simply shows that the plaintiff fell while shopping in the defendant's store. This is insufficient.' Falling and injuring one's self proves nothing. Such happenings are commonplace wherever humans go." (Citations omitted.) Id. "To presume that because a customer falls in a store that the proprietor has somehow been negligent would make the proprietor an insurer of his customer's safety which he is not in this state." (Citation and punctuation omitted.) *McGauley v. Piggly-Wiggly Southern*, 170 Ga. App. 851, 852 (319 SE2d 15) (1984) (granting summary judgment since the "record is silent as to why or how the appellant slipped, or upon what"); *Alterman Foods*, supra at 624.

Finally, in the case sub judice, appellant attempted to introduce evidence that others have experienced similar slip and fall incidents at the restaurant, apparently to prove that a defective condition existed and that the appellee had actual or constructive knowledge of a dangerous condition. In slip and fall cases in Georgia, this Court has held that the "true ground of liability is the proprietor's *superior knowledge* of the perilous instrumentality and the danger therefrom to persons going upon the property. It is when the perilous instrumentality is *known to the owner* . . . and *not known to the person injured* that a recovery is permitted." (Citations and punctuation omitted; emphasis in original.) *Ballard v. Southern Regional Med. Center*, 216 Ga. App. 96, 97 (453 SE2d 123) (1995); *Alterman Foods*, supra at 622. However, there is no admissible evidence that appellee had actual or constructive knowledge of the alleged defect, i.e., a slippery floor.

Appellant cited to previous slip and fall incidents involving her neighbor and an employee of appellee, but admitted that she did not know where or when the incidents took place or whether they

involved foreign substances on the floor. Further, appellant's testimony regarding the other incidents was apparently based on hearsay and not personal knowledge. Hearsay is never admissible at trial unless it comes within a recognized exception. *Jeweler's Financial Svcs. v. Chapes, Ltd.*, 181 Ga. App. 872, 873 (354 SE2d 200) (1987). " 'Evidence offered on motion for summary judgment is held to the same standards of admissibility as evidence at trial, and evidence inadmissible at trial is generally inadmissible on motion for summary judgment. (Cits.)' " *E. H. Crump Co. &c. v. Millar*, 200 Ga. App. 598, 600-601 (3) (409 SE2d 235) (1991), quoting *Biggs v. McDougall*, 175 Ga. App. 87, 88 (1) (332 SE2d 381) (1985). In addition, there was no evidence to establish that the circumstances surrounding the other incidents were substantially similar to the appellant's slip and fall. See *Manley v. Gwinnett Place Assoc., L.P.*, 216 Ga. App. 379, 381 (454 SE2d 577) (1995). "Similar acts or omissions on other and different occasions are not generally admissible to prove like acts or omissions at a different time or place." (Citation and punctuation omitted.) *J. C. Penney*, supra at 613 (holding that such evidence is "irrelevant"); see also *Cole*, supra at 490 (rejecting affidavits of two of defendants' patrons and a former employee who described similar slip and fall incidents as proof of negligent maintenance).

Although appellant also stated in her affidavit that a co-worker slipped at the same time on the same area of floor, she failed to mention the incident when asked during her deposition whether she knew "of anyone else who's ever slipped on the floor like that." Therefore, these inconsistent statements must be construed against the appellant, as appellant has offered no reasonable explanation for the discrepancy. *Prophecy Corp.*, supra; *Brown*, supra; *Papera*, supra; *Simone*, supra.

Since the appellee presented evidence that no defective condition existed at the time of appellant's fall, that appellee's care of the floor was not negligent, and that they had no actual or constructive knowledge of the alleged hazard, the appellant, in order to survive summary judgment, must present admissible evidence to rebut these contentions and give rise to a triable issue. Such possible evidence might include expert opinion as to whether appellee's floor maintenance was adequate or appropriate, e.g., the chemical composition of the "Renovator" floor treatment, which left an admittedly glossy surface and which might have shown that the substance could have become slippery after buffing or in the presence of water, or the use of vinegar and water, since it is a weak acid solution, which may have acted as a stripper and dissolved fats and other substances and may have caused a film of fat or other substances to develop on the floor if not properly removed. In addition, the appellant may have been able to raise an issue regarding the finish on the hardwood surface, i.e.,

did it have a slick polyurethane surface to protect the wood, and was this the surface that the "Renovator" was to regenerate? Further, the appellant's possible evidence may have been able to establish that the composition of the sole of appellant's shoes, when they came into contact with the hardwood floors and the restorative substance, may have been slick for that type of footwear but not others. Finally, appellant could have submitted an affidavit from the co-worker who allegedly slipped contemporaneously with the appellant. When appellant fails to controvert or refute appellee's evidence, summary judgment in favor of appellee is mandated. *J. C. Penney*, supra at 613. Appellant's assertion that the floor was "slippery" is insufficient to create a material issue of fact as to appellee's evidence, and therefore, summary judgment was appropriate.

2. In the second enumeration of error, appellant asserts that the trial court erred in granting summary judgment on the issue of payment of medical expenses, since an oral contract was created between the two parties. In the alternative, in the absence of an oral contract, appellant asserts that promissory estoppel compels a judgment against appellee for the payment of her medical expenses. However, appellant did not claim such contract or promissory estoppel in her pleadings before the trial court, and therefore, this claim will not be reviewed by this Court for the first time.

*Judgment affirmed. Johnson and Ruffin, JJ., concur.*

DECIDED SEPTEMBER 26, 1996 —
RECONSIDERATION DENIED OCTOBER 8, 1996.

*Dozier, Lee, Graham & Sikes, Neal B. Graham, Stephen M. Welsh*, for appellant.

*Anderson, Walker & Reichert, Robert A B Reichert, Samuel G. Alderman III*, for appellee.