A97A0957. WILLIAMS et al. v. EMRO MARKETING COMPANY.
(494 SE2d 218)

BEASLEY, Judge.

Nathaniel Williams and his wife sued EMRO Marketing Company for injuries suffered when Williams allegedly slipped and fell on ice on the pavement at premises of a store owned by EMRO. EMRO moved for and was granted summary judgment on one issue alone. EMRO argued that Nathaniel Williams failed to present any evidence that ice was the cause in fact of his fall. The trial court granted the motion but did not explain its ruling.

1. We first consider what issues will be addressed on appeal. EMRO contends that the trial court granted summary judgment because Williams failed to present any facts to show that ice was the cause in fact of his fall. EMRO's motion was based on that one point alone. In responding to a motion for summary judgment, a plaintiff need not address issues not raised in the motion or present his entire case. "Nothing in *Lau's Corp.* [*v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991)] places a burden on a plaintiff to respond to issues which are not raised in the motion for summary judgment or to present [his] entire case on all allegations in the complaint — even on issues not raised in the defendants' motion. Indeed, until appellees pierce[ ] the allegations of [the] complaint on a particular issue, [plaintiff is] neither required to respond to the motion on that issue ([cits.]), nor required to produce evidence in support of his complaint on that issue. [Cits.] The issues that must be rebutted on motion for sum-

mary judgment are those raised by the motion." *Hodge v. SADA Enterprises*, 217 Ga. App. 688, 690 (458 SE2d 876) (1995). Even though the Williamses contend there are issues of fact regarding whether EMRO had knowledge of the ice, Williams' own knowledge of ice, and Williams' own diligence, such issues were not before the trial court, were not decided, and need not be addressed on appeal. EMRO concedes that cause in fact is the only appropriate appellate issue.

2. "To prevail at summary judgment under OCGA § 9-11-56, the moving party must demonstrate that there is no genuine issue of material fact and that the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law. OCGA § 9-11-56 (c). A defendant may do this by showing the court that the documents, affidavits, depositions and other evidence in the record reveal that there is no evidence sufficient to create a jury issue on at least one essential element of plaintiff's case. . . . A defendant who will not bear the burden of proof at trial need not affirmatively disprove the nonmoving party's case; instead, the burden on the moving party may be discharged by pointing out by reference to the affidavits, depositions and other documents in the record that there is an absence of evidence to support the nonmoving party's case. If the moving party discharges this burden, the nonmoving party cannot rest on its pleadings, but rather must point to specific evidence giving rise to a triable issue. OCGA § 9-11-56 (e)." *Lau's Corp. v. Haskins*, supra.

"To recover damages in a tort action, a plaintiff must prove that the defendant's negligence was both the 'cause in fact' and the 'proximate cause' of [the] injury." *Atlanta Obstetrics &c. Group v. Coleman*, 260 Ga. 569 (398 SE2d 16) (1990). To avoid summary judgment, a plaintiff who alleges he slipped on a foreign substance must offer some evidence of a foreign substance on the ground where he slipped. *Bradley v. Red Food Stores (Ga.)*, 179 Ga. App. 39, 40 (345 SE2d 127) (1986). See also, e.g., *Jackson v. Wal-Mart Stores*, 206 Ga. App. 165, 167 (1) (424 SE2d 845) (1992) (plaintiff offered no proof that a puddle of pesticide was the source of the slickness on which she fell); *Dickey v. J. C. Penney Co.*, 124 Ga. App. 852, 853 (186 SE2d 356) (1971) (plaintiff offered no proof of a foreign substance).

Viewed in favor of the non-movant plaintiffs, the evidence is that Williams was on his way to work on February 19, 1993, when he stopped for gas at a store operated by EMRO. He first paid in the store and then returned along the same route to pump gas. On his return, he slipped and fell, injuring his knee and other parts of his body. He never saw what he slipped on and he never saw any ice, and his clothes were not wet from ice or water. He stated in an affidavit, "I didn't personally witness on February 19, 1993 exactly what sub-

stance caused me to fall. . . ." No other person directly witnessed Williams' fall.

It had rained the day before, the temperature overnight had reached about 20 degrees, and water from the canopy over the gas pumps had flowed out of the down spout onto the pavement near the gas pump at which Williams had parked his car. When it rains, water drips from that down spout and collects on the ground. At the time of the fall, the temperature was still at or below freezing.

Although EMRO contends that no evidence showed Williams slipped on ice, another customer, Gregory Perkins, swore by affidavit that after he offered to help Williams, "I then took his arm and assisted him from the iced area." He also stated that he picked up a large piece of ice, which he believed was part of the ice Williams slipped on. Perkins was a regular customer and had previously seen water dripping from a down spout near the pump where Williams fell. After the fall he noticed "[t]he water had drained from a down spout and collected on the ground below and frozen." Perkins also noted "ice cubes hanging down, directly over where [Williams] had fallen." Williams recalls the sensation of a slick surface beneath his feet as his feet flew out from under him.

Circumstantial evidence which raises a reasonable inference of the cause of the fall, unrebutted by positive evidence, is sufficient to survive summary judgment. *Shepherd v. Holmes*, 184 Ga. App. 648, 649 (2) (362 SE2d 396) (1987). In *Kenny v. M & M Supermarket*, 183 Ga. App. 225 (358 SE2d 641) (1987), there was no evidence of any foreign substance, even after inspection, unlike here where Williams was lying in the "iced area." Further, Williams' own testimony is not positive evidence of no ice which therefore rebuts the circumstantial evidence of ice as a cause. He testified only that he never saw ice, not that he inspected and found no ice as in *Kenny*. Indeed, he was somewhat disoriented by the fall.

Giving the non-movant the benefit of all inferences, this evidence would tend to support a finding of fact that Williams slipped on the ice upon which he lay. Although Williams may have slipped on something else and landed on the ice, his location on ice after the fall, together with the fact that a witness saw ice where Williams fell, is some evidence of what caused his fall. Williams' own lack of knowledge of the substance on which he slipped is not dispositive. A person who is injured may become unconscious or disoriented by the fall and be unable or unconcerned then to investigate what he slipped on. That does not prevent other evidence on the issue.

*Judgment reversed. McMurray, P. J., and Eldridge, J., concur. Ruffin, J., concurs specially. Andrews, C. J., Birdsong, P. J., and Senior Appellate Judge Harold R. Banke dissent.*

RUFFIN, Judge, concurring specially.

Once again this Court enters the bottomless and ugly abyss of "slip and fall." It is as though we have encountered a slippery slope and cannot regain our proper footing. Our decisions in this area oftentimes raise more questions than they settle, or more graphically, they cause a thirst which they cannot quench; they spawn a hunger which they cannot satisfy. A review of our past decisions offers neither retrospective understanding nor current comfort.

Summary judgment, once thought to be the cure, is now the disease. It is now a problem masquerading as a solution. But it is not the fault of our trial judges; it is not that trial judges have not caught up with our instructions; and it is not that trial judges have exceeded our instructions. Rather, the infirmity is *in* our instructions. But one instruction is quite clear to the trial judges in slip and fall cases on a motion for summary judgment:

You can and you can't,
You shall and you shan't,
You will and you won't,
You'll be damned if you do,
And you'll be damned if you don't.[1]

The issue of whether an owner has breached a duty of care is generally to be decided by a jury. *Lau's Corp v. Haskins*, 261 Ga. 491, 493 (2) (405 SE2d 474) (1991). Summary judgment is appropriate only when the court, (1) viewing all the facts, (2) and the reasonable inferences from those facts, (3) in a light most favorable to the nonmoving party, (4) concludes that the evidence does not create a triable issue as to any essential element of the case. Id. at 495. It is only in "plain and palpable cases where 'reasonable minds cannot differ as to the conclusion to be reached'" that the court may decide such an issue without a jury. (Citation omitted.) Id. at 493 (2).

That principle is good law, succinctly stated, but is apparently difficult to apply. The facts in the instant case, and our inability to form a consensus as to the propriety of summary judgment, demonstrate precisely why the issue at hand should be decided by a jury. The critical question here is, "what substance caused Williams to slip and fall?"

1. Not surprisingly, the facts are not in dispute. It rained the day before Williams' fall. Rainwater from the canopy over the gasoline pumps flowed out of a down spout and onto the paved surface where Williams fell. The temperature overnight reached about 20 degrees. Williams slipped and fell, never actually seeing any ice, but recalling the sensation of a slick surface beneath his feet. Following his fall,

---

[1] Lorenzo Dow (1777-1834), revivalist preacher denouncing orthodox Calvinism.

Williams did not notice that his clothes were wet. Although Williams did not know the outside temperature when he fell, the person who assisted him noted icicles hanging above Williams and stated that he assisted him from the iced area.

2. We must construe in Williams' favor all the reasonable inferences from these facts. Id. A jury could reasonably infer that the rainwater from the previous evening flowed out the downspout onto the ground where Williams was standing and, like the water turned to icicles on the canopy, froze to form a slick icy surface. Williams slipped on this ice, accounting for his recollection of a slick surface and the evidence showing he was assisted from an iced area. Williams' clothes were not wet because, like the ice on the canopy, the ice where he fell had not melted sufficiently to form water which could cause his clothes to become wet.

3. We must view the foregoing facts and inferences in a light most favorable to Williams. Clearly, as pointed out by the dissent, there are numerous other substances on which Williams might have slipped. But by speculating that Williams did in fact slip on some other substance, the dissent does not view the evidence and the reasonable inferences in Williams' favor, as *required* on a motion for summary judgment.

4. Contrary to the findings of the dissent, the majority has not relied on speculation or shifted the burden from Williams to show what caused him to slip. Rather, the majority, pursuant to *Lau's Corp.*, has relied on the reasonable inferences discussed in Division 2 of this special concurrence, in a light most favorable to Williams as stated in Division 3.

Furthermore, it is not the majority that has shifted the burden; rather, it is the dissent. The majority has properly found that summary judgment was inappropriate because there *remained a fact question* to be resolved by a jury. Contrary to the dissent's position, Williams, as the respondent, was not required to point to evidence "demand[ing] a conclusion that ice caused [his] slip and fall." Williams was required only to "point to specific evidence giving rise to a triable issue." Id. at 491. This Williams did.

As is evidenced by the differing minds of the judges of this Court, the facts before us concerning the substance on which Williams slipped are not plain and palpable. See id. at 493. Reasonable minds have differed as to the conclusion to be reached. See id. Thus, this is not a case where the court may decide the issue without a jury. See id. Accordingly, I concur with the majority.

Judge Harold R. Banke, dissenting.

Because Williams failed to present any probative admissible evidence as to what caused his unwitnessed fall, I dissent. Before this

case, it was a well-established principle of Georgia tort law that proof of the occurrence of a fall is not sufficient to establish negligence or give rise to liability. "Falling and injuring one's self proves nothing. Such happenings are commonplace wherever humans go." (Punctuation omitted.) *Hall v. Cracker Barrel Old Country Store*, 223 Ga. App. 88, 91 (1) (476 SE2d 789) (1996); *Wilson v. Duncan*, 211 Ga. App. 814, 815 (440 SE2d 550) (1994). See *Alterman Foods v. Ligon*, 246 Ga. 620, 624 (272 SE2d 327) (1980). Without some proof of what caused his fall, Williams' recovery was precluded. Id. at 625; *McGauley v. Piggly-Wiggly Southern*, 170 Ga. App. 851, 852 (319 SE2d 15) (1984).

Williams could not and did not testify that he slipped on ice. In fact, repeatedly during his deposition, Williams denied ever seeing any ice before or after he fell. He further testified that he did not notice that his clothes were wet from rain or ice. Nor did Williams offer testimony from anyone else who saw him slip and fall on ice. Although ice may well have been present in the area where he fell, Williams could just as easily have slipped on oil, grease, or some other substance commonly found at a gasoline station like this one. In fact, the majority apparently concedes that something other than ice may have caused the fall.

Moreover, Williams' affidavit testimony that at the time of the incident the temperature was at or below freezing is contradicted by his deposition testimony where he flatly denies knowing the outside temperature or knowing that it was below freezing. See *Prophecy Corp. v. Charles Rossignol, Inc.*, 256 Ga. 27, 30 (2) (343 SE2d 680) (1986) (unexplained inconsistencies in testimony must be construed against an equivocator).

Notwithstanding the majority's contention to the contrary, inferring that Williams slipped on ice is not warranted in light of Williams' positive and unrebutted testimony that he did not know what caused his fall. *Kenny v. M & M Supermarket*, 183 Ga. App. 225, 226 (358 SE2d 641) (1987). Compare *Shepherd v. Holmes*, 184 Ga. App. 648, 649 (2) (362 SE2d 396) (1987). As in *Kenny*, supra, Williams did not see any substance, feel any substance, experience any substance on his clothing, and did not inspect the ground after his fall, all of which "leads inescapably to the conclusion that only a fall [of unknown origin] was involved." Id. at 226. Thus, the circumstantial evidence, in view of Williams' unrefuted testimony, does not demand a conclusion that ice caused the slip and fall.

Georgia courts have consistently held that speculation and conjecture as to the causation of an injury are legally insufficient. *McGauley*, 170 Ga. App. at 852 (defendant entitled to summary judgment in light of silent record as to why or how appellant slipped or upon what); see *Alterman Foods*, 246 Ga. at 625. The majority's concession that "Williams may have slipped on something else and

landed on the ice," confirms that Williams failed to sustain his evidentiary burden.

By allowing Williams to survive EMRO's summary judgment motion without presenting probative evidence as to what caused his fall, the majority has rewritten the essential elements of tort law. Formerly, a prima facie case required a duty, breach of that duty, "a reasonably close . . . connection between the conduct and the resulting injury," and actual damages. Prosser & Keeton on The Law of Torts, pp. 164-165, § 30 (5th ed.). Now, according to the majority, the revised elements are: I came, I slipped, I fell on what I cannot say, now pay me for my injuries. This reconfiguration of what a slip and fall plaintiff must prove is fundamentally unfair to defendants, like EMRO here, because it subtly shifts the burden of proof from plaintiffs to show evidence of the presence of a foreign substance/dangerous condition onto defendants to prove that their premises were "reasonably safe" from some unspecified, unknown danger. See OCGA § 51-3-1.

Despite the absence of evidence of causation, the majority has implicitly presumed that because a customer fell in a parking lot, that, EMRO, the proprietor, had somehow been negligent. See *Perkins v. Peachtree Doors*, 196 Ga. App. 878, 879 (397 SE2d 54) (1990) (physical precedent only). The majority's holding essentially makes EMRO an insurer of its customer's safety, a position unsupported by Georgia law. *Pound v. Augusta Nat.*, 158 Ga. App. 166, 167 (279 SE2d 342) (1981). Because the record demonstrates that EMRO successfully pierced Williams' prima facie case by showing the absence of the essential element of causation, EMRO was entitled to summary judgment as a matter of law. OCGA § 9-11-56 (c); *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991). See *Sullivan v. Quisc, Inc.*, 207 Ga. App. 114, 115 (427 SE2d 86) (1993). For these reasons, I must respectfully dissent.

I am authorized to state that Chief Judge Andrews and Presiding Judge Birdsong join in this dissent.

DECIDED OCTOBER 29, 1997 —
RECONSIDERATION DENIED NOVEMBER 19, 1997 —

*C. Victor Long*, for appellants.
*Carr, Tabb & Pope, Jan R. Kastanakis, Render C. Freeman*, for appellee.